UTICA,
July, 1835.

The People
v.
White,

------

## THE PEOPLE vs. WHITE.

It is not competent in a *criminal case* to give evidence of the *bad character of the prisoner*, when no evidence in support of his character has been adduced by him : *so held* in this case, where, on the trial of an indictment for having counterfeit bank bills with the intent to pass them, the confession of the prisoner that he had been a *convict in a state prison* was given in evidence on the part of the prosecution.

It is matter of discretion with the court before whom a trial is had, whether they will or will not compel counsel to disclose what they expect to prove by a witness, before he is examined. Where the case is one of delicacy and importance, and the evidence is nicely balanced, and the scale is liable to be affected by slight circumstances, courts are vigilant in preventing any extraneous or irrelevant matter from being brought before the jury. In such cases counsel will be required to state the substance of what they expect to prove, in order that, if irrelevant or improper, the evidence may not be given : when the lines of the case are more broadly marked, less caution is necessary, as the rights of the parties may be sufficiently protected by the court deciding upon the competency or relevancy of the evidence as it falls from the witness.

In this case the court of oyer and terminer were asked to direct the district attorney to state what he expected to prove by a witness who was about to relate a conversation with the prisoner ; which request was overruled, and the witness stated the prisoner's confession that he had been the inmate of a state prison. This court was of opinion that this was precisely one of those cases in which the request of the prisoner's counsel should have been granted.

An exception will not lie to the charge of a judge to a jury, on the ground of the comments of the judge upon the evidence.

THE prisoner was tried at the Washington oyer and terminer in 1834, before the Hon. ESEK COWEN, one of the circuit judges, on an indictment for having in his possession *counterfeit* bank bills with the intent to pass the same. M. Strong, a witness for the prosecution, testified to a conversation between

him and the prisoner, in which he inquired of the prisoner about some money which had been stolen from the *Rutland Bank,* and the prisoner *declared his innocence* of any participation in the robbery. The witness was proceeding to detail the further conversation of the prisoner at the same time, when the prisoner's counsel objected to his proceeding in the same, unless the district attorney would state his precise object in calling for the confessions of the prisoner. The district attorney stated that a part of the prisoner's conversation was already out, and that he claimed the whole, without apprising the prisoner's counsel of the use he intended to make of it. The judge decided that the witness might state all the conversation of the prisoner at the time alluded to by the witness. To which decision the prisoner's counsel excepted. The witness then stated that the prisoner said he should never have been suspected of robbing the Rutland Bank, if it had not been his misfortune to have once been in the *state prison in Massachusetts.* Previous and also subsequent to the testimony of Strong, proof was exhibited in support of the prosecution which it is not necessary to detail. When the proofs were closed, the jury were charged, and the judge who delivered the charge commented upon the evidence, and among other things observed that the jury had a right to notice that the prisoner had not given any proof of good character ; that he probably could not produce such proof, judging from the circumstance of his *former conviction ;* at any rate, he had not done so. The prisoner's counsel excepted to the charge, and the jury pronounced a verdict of guilty. The indictment and bill of exceptions signed in this case were brought up by *certiorari.*

*D. Russell & S. Stevens,* for the prisoner.

*Greene C. Bronson,* (attorney general,) for the people.

*By the Court,* SUTHERLAND, J. The material question presented by this bill of exceptions is, whether the testimony of Moses Strong, to the prisoner's confession that he had been in the state prison in Massachusetts, ought to have been received.

Mr. Chitty, after stating the practice and mode of proceeding under the statute, to take the prisoner's examination in writing, says: what the party accused says in other places, (than on his examination before the magistrate,) may undoubtedly be received upon *viva voce* testimony.   But what he says upon such examination cannot be proved by *viva voce* testimony, unless it be clearly shown that in fact the examination never was reduced in writing.  But if that be shown, then parol evidence of his confession or declaration on that occasion is admissible—for otherwise, he remarks, this absurd consequence would follow, that whatever a prisoner says when not before a magistrate, would be admissible, though depending on memory, but the moment a prisoner was introduced into the presence of a magistrate, nothing that he might disclose would be admissible, though taken under circumstances of the greatest caution and solemnity. 1 *Chitty's C. L.* 86, 87, 573, 4.   2 *Leach*, 310, *n. a.*, 552, 639.   The declarations or confessions of the prisoner are therefore competent evidence to establish any fact which could be legally proved in any other manner.

The question then arises, whether the public prosecutor could have proved by the record of conviction, or by the testimony of witnesses, that the prisoner had been in the state prison in Massachusetts.   He was on trial upon an indictment for having counterfeit money in his possession, knowing it to be counterfeit, with intent to pass it.  The fact of his having been in the state prison in Massachusetts had certainly no direct bearing upon the issue joined in the case ; and the general rule is, that the evidence is to be confined to the point in issue ; and this rule is applied more rigidly, if possible, in criminal than in civil cases.   1 *Phil. Ev.* 442.

The only point of view in which it can be contended that it would have been competent for the public prosecutor to prove this fact is, that it went to show the bad character of the prisoner.  But the general rule in criminal as in civil cases is, that the prosecutor cannot enter into the defendant's character, unless the defendant enable him to do so, by calling witnesses in support of it ; but even then the prosecutor cannot ex-

amine to particular facts, the general character of the defendant not being put in issue, but coming in collaterly. Where the defendant's character is put in issue by the prosecution, the prosecutor may examine to particular facts ; for it is impossible without it to prove the charge. This is the rule laid down by *Buller,* in his *Nisi Prius Cas.* 296, *Peake's Ev.* 7, 8, and 1 *Chitty's C. L.* 574, 5. 1 *Phil. Ev.* 145.

Here the prisoner had called no witnesses to support his character, nor was it put in issue by the prosecution. The prosecutor therefore had no right even to impeach his general character, much less to prove specific facts against him. The evidence seems to have been admitted by the judge, on the ground that the witness had stated a part of the conversation or confession of the prisoner before any objection was made ; and that as a part had been given, the prosecutor had a right to have all the conversation of the prisoner at the same time. There was nothing in the previous statement of the witness of the prisoner's confession bearing at all upon the issue, which it was important to have qualified or explained by what he may subsequently have stated in the same conversation. The prisoner, according to the witness, had merely declared his innocence of robbing the Rutland Bank —a declaration which could have no possible bearing upon the issue which they were then trying, and which of course it was not important or material to explain, by showing what either preceded or followed it. The case states that the witness was proceeding to detail the further conversation of the prisoner at the same time, when the prisoner's counsel objected, unless the district attorney would state his precise object in calling for the confessions of the prisoner, that is, the fact or point which he expected to establish by his confessions. The district attorney claimed a right to have the whole conversation, without disclosing the use he intended to make of it, and the court sustained him in that position. It is undoubtedly a matter of discretion with the court, whether they will or will not compel counsel to disclose what they expect to prove by a witness before he is examined. Where the case is one of delicacy and importance, and the evidence is nicely balanced, and the scale

liable to be affected by slight circumstances, the court will be exceedingly vigilant in preventing any extraneous or irrelevant matter from being brought before the jury. In such cases, it is proper to require counsel to state the substance of what they expect to prove, in order that if irrelevant or improper, the evidence may not be given; where the lines of the case are more broadly marked, less caution is necessary. The right of the parties may be sufficiently protected by the court deciding upon the competency or relevancy of the evidence as it falls from the witness.

The exception here is in point of form to the decision of the court, that the witness might state all the conversation of the prisoner at the time alluded to by the witness. After the residue of the conversation was stated, disclosing the fact that the prisoner had been in the state prison in Massachusetts, there was no exception to the competency of that fact as evidence. But the court, in deciding that the witness might state all the conversation, were undoubtedly understood as deciding that all that the prisoner said at that time was competent evidence. The district attorney contended, that as a part of the conversation had been given in evidence without objection, he had a right to give the whole, and of course that the whole conversation was proper evidence in the case, and so the court, I think, must have intended to decide. If not, they would have told the jury that the fact, that the prisoner had confessed that he had been in the state prison in Massachusetts, ought to be excluded from their consideration in making up their verdict. So far from that, the court alluded to that fact in their charge to the jury as tending to show that it was not in the prisoner's power to prove his general good character.

I think it highly probable that the prisoner's confession turned the scale against him. The evidence was entirely circumstantial, sufficient perhaps to raise a strong probability of the prisoner's guilt of the crime for which he was indicted; but certainly leaving the fact involved in so much doubt, that the jury might well have come to a different conclusion. It is precisely one of those cases in which the fact that the prisoner had already been convicted of an infamous crime, and been sent

to the state prison, would be likely to operate with decisive effect against him. I think the evidence was improperly admitted, and that a new trial should be granted.

An exception will not lie to the charge of the court to the jury upon the evidence in the case. The commentaries of the judge upon the evidence are not, nor are they understood to be binding upon the jury. They listen to the observation and suggestion of the court upon the evidence, with the full and perfect understanding that they are not binding upon them, but that it is their right and duty to decide according to their own views of the preponderance of the evidence. 4 *Peters*, 1. 12 *Wendell*, 78, 301.

New trial granted.