STATE OF MISSOURI, Respondent, *v.* J. CRESON, Appellant.

1. *Criminal Practice—Evidence—Character.*—In the prosecution of a party accused of crime, the State cannot be allowed to give evidence of the bad character of the accused, except to rebut evidence given by him as to his good character.

2. *Criminal Practice—Larceny—Evidence.*—Recent possession of stolen property is presumptive evidence that the party having such property is the thief.

*Appeal from Webster Circuit Court.*

*Lindenbower* and *Sherwood,* for appellant.

The court should not have permitted the prosecution to attack the character of the accused by interrogatories touching such character, no evidence on that point having been introduced by the defence — 3 Greenl. Ev. § 25; People v.

White, 14 Wend. 111; Commonwealth v. Webster, 5 Cush. 325; Bull N. P. 296; State v. Merrill, 2 Dev. 269.

The second instruction given on the part of the State is erroneous, because not sufficiently full and explicit—1 Greenl. Ev. §§ 11, 34; erroneous, because it asserts the recent possession of stolen property is conclusive of guilt—3 Greenl. Ev. § 31.

HOLMES, Judge, delivered the opinion of the court.

This was an indictment for grand larceny. On the trial, the prosecutor was allowed, against the objections of the prisoner, to give evidence of his bad character and reputation; and the witness stated that he " was acquainted with the reputation of the defendant for honesty, and that his reputation was that of a thief in Greene county and in Tennessee, where he came from." The proof of the larceny charged consisted chiefly in the circumstance that the defendant was found in the recent possession of the property stolen, and he failed to explain his possession in any manner consistent with his innocence. That such evidence, unexplained, was sufficient to warrant a conviction, and even conclusive of guilt, there can be no question (1 Greenl. Ev. § 11, 34); but is still only circumstantial. The jury are to decide upon the guilt of the accused, upon all the circumstances; and it is not to be denied that this evidence of the bad reputation of the prisoner might have had great weight with the jury. His previous character was not directly involved in the issue; and the admission of such testimony was contrary to the established principles of law. The prosecutor in criminal cases cannot be allowed to call witnesses to prove the general bad character of the prisoner, unless to rebut evidence of his good character already adduced by him—3 Greenl. Ev. § 25; Bull N. P. 296; Commonwealth v. Webster, 5 Cush. 325; People v. White, 14 Wend. 111. The admission of this testimony was clearly erroneous.

Exception was also taken to the second instruction given for the State, that " recent possession of stolen property is

presumptive evidence that the party having such property is the thief, unless such party account for the manner in which he obtained possession." Upon the evidence before the jury, we think the instruction was substantially correct—State v. Floyd, 15 Mo. 349.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.