JESSE AMES and others *vs.* CANNON RIVER MANUFACTURING COMPANY.

October 8, 1880.

**Riparian Owner—Right to set back the Water upon an upper Propr'etor.—**A riparian owner has no right to maintain a dam at such height as to raise and set the water back upon an upper proprietor at the ordinary stage of water in the stream—construing the term ordinary stage to include its stage in such rises, or high water, as are usual, ordinary, and reasonably to be anticipated, but not to include its stage in such extraordinary freshets as cannot reasonably be anticipated at particular periods of the year.

**Same—Judgment directing cutting down of Dam.—**In an action by an upper proprietor on a stream to abate the dam of a lower proprietor, claimed to be so high as to set the water back on the upper proprietor, the court may direct in its judgment that the dam be cut down a specified amount, being the amount required to relieve plaintiff's land, from its height at the time of the trial, though the judgment does not specify that height. Where, in such action, the judgment directs the dam to be cut down, it may direct the sheriff to do it.

**Charge—Expression of Opinion on Facts.—**It is not error for a trial court, in its charge to the jury, to express its opinion on a question of fact. If a party fears undue influence on the jury of the court's opinion, he may request it to charge that the jury is exclusive judge of the fact.

Appeal by defendant from a judgment of the district court for Rice county, *Lord*, J., presiding.

*Batchelder & Buckham,* for appellant.

*Gordon E. Cole,* for respondents.

GILFILLAN, C. J. Plaintiffs and defendant are upper and lower proprietors of the Cannon river, a non-navigable stream, and of the land on each side—the plaintiffs owning above, and the defendant immediately below, and each having a mill and mill-dam. Plaintiffs complain that defendant erected and has maintained and maintains its dam at a height which sets the water back, and raises it above its natural level on their premises, so as to obstruct their wheels, and demand damages, and that defendant's dam be reduced, taken down and abated, so as to relieve their land from the back water. The answer denies the allegation of the complaint. At the trial, apparently without objection, certain issues were framed in the form of interrogatories, and submitted to a jury, who returned a verdict upon them. The interrogatories and the answers of the jury were: "Does defendant's dam cause the water to rise above its natural level at plaintiffs' mill. *Answer.* Yes." "If so, how much? *Ans.* One and one-quarter inches." "How much should defendant's dam be lowered, to lower the water at plaintiffs' mill to its natural level? *Ans.* Three and three-fourths inches." "In what sum have the plaintiffs been damaged by defendant's dam setting the water back upon plaintiffs' mill? *Ans.* Five hundred and thirty and sixty-six one-hundredths dollars."

Upon all the other issues in the case, the court found the facts in favor of plaintiffs. It signed the statement of the facts found by it, and its conclusions of law, upon the application of plaintiffs, whose attorney presented the statement for its signature. This statement recites the verdict of the jury, and then states, as a finding of fact by the court, that, in *ordinary stages* of water, the effect of defendant's dam was to set back the water, and raise it on plaintiffs' land one and one-fourth inches, and that to relieve plaintiffs' wheels at such stages would require defendant's dam to be lowered three and three-fourths inches. To this statement of fact

defendant objected, and proposed in lieu thereof a materially different statement as to the effect of the dam.  The court refused to insert this proposed statement in the statement of its findings.  In other words, it declined to find the fact as so proposed by defendant, and, as the evidence in the case is not before us, we must presume it was right in so declining. Defendant then requested the court to find as to the effect of the dam in raising the water on plaintiffs' land in ordinary medium stages of water; also such effect in ordinary low stages of water, which the court declined to find.

The effect of the dam, in ordinary medium stages of water, or in ordinary low stages of water, is not the measure of defendant's right to maintain it.  As held by this court in *Dorman* v. *Ames*, 12 Minn. 451, a riparian owner has no right to maintain his dam at such height that it will raise and set back the water upon the proprietor above him at the ordinary stage of water in the stream; and the term "ordinary stage of water" must be held to include its stage or level in such rises or high water as are usual, ordinary, and reasonably to be anticipated, but not to include its stage or level in such extraordinary freshets as cannot reasonably be anticipated at particular periods of the year.  With this definition of the rights of riparian owners, it is, on the question of the right to maintain a dam at a particular height, material only to measure its effect in raising and setting back the water in ordinary high water.  That at an ordinary medium, or an ordinary low stage of water, the dam would not set the water back on the upper proprietor, does not establish the right to maintain it at its present height.  Such facts would therefore be immaterial, and there would have been no propriety in the court finding them.

Defendant requested the court to find how high may the defendant's dam be allowed to stand, beyond which it need not be lowered to relieve plaintiffs' mill?  Inasmuch as the court found the height of the dam, and how much it ought to be cut down, it did, in effect, find what was requested.

There were on the trial several reques's by defendant to the court to charge the jury, all of which were refused; and the court also charged the jury upon matters of law. There were submitted to the jury nothing but simple questions of fact, not requiring for their determination the application of any rules of law. The application of such rules, and the determination of the rights of the parties upon the facts, were reserved for the court. The propositions contained in defendant's requests, and in the court's charge, were, so far as the trial of the issues submitted to the jury was concerned, mere abstract propositions, not affecting the determination of these issues. It is unnecessary to determine the correctness of those propositions.

The court, however, in relation to a matter of fact litigated on the trial, and which may have entered into and influenced the determination of the issues by the jury, expressed in its charge its opinion of the fact. This is claimed to have been error, and the case of *Caldwell* v. *Kennison*, 4 Minn. 23 (47,) cited to show it. That decision was under a statute (Pub. St. *c.* 61, § 22,) providing that if the court, in its charge, "present the facts of the case, it must also inform the jury that they are the exclusive judges of all questions of fact." The case cited held that it was error in the court to express an opinion on the facts without so informing the jury. That provision of statute, although it is retained as to the trial of criminal cases, was repealed as to the trial of civil causes in the Revision of 1866.

Without a statute on the subject, the trial court may express to the jury its opinion of the facts, (*People* v. *Vane*, 12 Wend. 78; *People* v. *White*, 14 Wend. 111; *People* v. *Rathbun*, 21 Wend. 509;) though it may may not, where there is a fair conflict of evidence, direct the jury how they shall find them. If a party fears undue influence upon the jury of what the court says in regard to the facts, he may request an instruction that the jury, and not the court, are to determine the facts. There was no error in the court expressing its opinion on the fact.

The judgment of the court is objected to, because it directs the dam to be cut down three and three-fourths inches below its then height; and it is claimed that, if an abatement was adjudged, the judgment should have specified the height at which the dam may be maintained, and directed it cut down to that height. The difference in this particular, between the judgment as it is and what it is insisted it should be, is very slight. What is to be done is definitely stated—to wit, to cut the dam down a certain amount. The sheriff who is to execute the judgment knows what to do. It is urged that the dam may be lower when the sheriff proceeds to execute the judgment than at the time of the trial. It is possible that it may be, but there is no presumption that it will be. And if, when the sheriff is about to cut down the dam, defendant claims that its height has, from any cause, been reduced below its height at the time of the trial, the court is entirely competent to ascertain the fact and instruct the sheriff accordingly. There is no error in this feature of the judgment.

It is also claimed that the judgment is erroneous because it directs the sheriff to cut down the dam; and it is insisted that it should have directed the defendant to do it. The statute in reference to actions for nuisances, (Gen. St. 1878, c. 75, § 44,) provides that "by the judgment the nuisance may be enjoined or abated, as well as damages recovered." We think the judgment may direct the removal or abatement of the nuisance; and, when it does, it should also provide for its being done, and direct how and by whom it shall be done. As such removal is not an act which can be done only by the defendant in the action, there is no reason why the court may not direct it to be done by the sheriff, the proper officer to execute its judgments.

Judgment affirmed.

BERRY, J. I do not agree to that part of the foregoing opinion which holds that nothing but simple questions of fact, not requiring the application of any rules of law, were sub-

mitted to the jury. I think that the question as to the amount of plaintiffs' damages did involve the application of rules of law; but, as I am of opinion that defendant's rejected requests bearing on this question were properly rejected as unsound, and that the instructions of the court to which defendant objects, bearing upon the same questions, were correct, I concur in the result arrived at in the opinion.