FRANCIS H. COBB and others *vs.* VERNON A. WRIGHT.

February 28, 1890.

**False Representation of Title to Land held not Actionable.**—A conveyance was made without consideration by plaintiff, an owner of an interest in real estate, to defendant, who, having an interest in the land, claimed to have title to the whole estate, and who, to induce the execution of the deed, made representations to the grantor, to the effect that the title of the latter had been divested by legal proceedings. The means of information were equally open to both parties. The grantor also consulted an attorney-at-law concerning his title, and executed the deed supposing that he had no title. *Held*, that he was not entitled to recover for the alleged fraudulent representations.

Action brought in the district court for Hennepin county, to recover $3,800 damages for alleged fraudulent representations as to title to land. Appeal by plaintiffs from an order of *Young,* J., refusing a new trial after a dismissal ordered at the trial.

*R. B. Forrest,* for appellants.

*Chas. J. Bartleson,* for respondent.

DICKINSON, J. This is an action to recover damages for alleged fraudulent representations of the defendant respecting the title to real estate, by means of which, as it is claimed, the plaintiff Francis H. Cobb was induced to execute to the defendant a deed of conveyance of the property, conveying gratuitously an undivided one-third of it. When the plaintiff had closed his case, the court dismissed the action. Upon this appeal from an order refusing a new trial, we are to consider whether the case presented on the part of the plaintiff would have justified a recovery. This action relates to a block in Cobb's addition to St. Anthony. In 1856 the land embracing that now in question was owned by the plaintiff Francis H. Cobb and his

father, Stephen Cobb. They platted the addition in that year, and soon after mortgaged the land to one Springer for the sum of $3,400. In 1874, in an action for the foreclosure of the mortgage, an undivided two-thirds of the land was sold under decree. That sale was confirmed by final decree in 1879. By subsequent conveyances the title acquired by the purchasers at the foreclosure sale became vested in the defendant. The conveyance to him, made in 1885, in terms conveyed the entire estate. About 1864, Stephen Cobb, who had before lived upon the land, removed from that part of the state. He died in 1874. These plaintiffs are his heirs. The land does not appear to have been occupied subsequent to 1864 by any one under whom the plaintiffs claim. They paid no taxes subsequent to 1858, and the land was several times sold for taxes. In 1886, the plaintiff Francis H. Cobb held a power of attorney from the other plaintiffs to convey any land within the territory embracing that in controversy. The defendant then applied to him for a quitclaim deed of this land. He stated to the said plaintiff that he (defendant) knew all about the title, had examined it, and had it examined by attorneys; that the Cobbs had lost their title by the foreclosure of the Springer mortgage; referred, also, to the tax-titles; said the title was complete in him, but that he wanted a conveyance to satisfy the prejudices of some Scandinavians to whom he had made sales. The plaintiff at first declined to execute a conveyance, but after repeated solicitations he did so. Prior to doing this, however, he, at the defendant's suggestion, asked Mr. Jordan, an attorney, who had previously been employed by him in some real-estate matters, if he thought the Cobbs had any interest in the land. He expressed it as his opinion that they had not. The plaintiff had no actual knowledge as to the state of the title, although he had long known that there had been a foreclosure of the mortgage, but did not know that only an undivided two-thirds of the land had been sold under the decree. He knew, also, that it had been sold for taxes. The title had been examined by attorneys, who had expressed the opinion, which had been communicated to the defendant, that as to the undivided two-thirds there was no doubt respecting the title, and that they thought that the tax-title would be sustained.

The case being such as we have indicated, we think that the plaintiffs were not entitled to recover. The plaintiff, in this negotiation, stood on an equal footing with the defendant. If, in fact, there was any tenancy in common between them, he did not upon that ground repose confidence in the defendant, for he did not know that relation; nor did the defendant avail himself of such relation as a means to secure the end complained of. The parties dealt as strangers. The plaintiff was informed, notwithstanding the defendant's representations, that some persons interested in the land had raised questions as to the defendant's title, and that they were unwilling to accept that title without a conveyance from the plaintiffs. He knew that, if the plaintiffs had any remaining interest, this deed would be effectual to transfer it, and that the very purpose of it was to effect that result. From the very nature of the representations, he must be deemed to have known that the defendant's statements that he had the title, and that the plaintiffs' interest had been divested, could be but the expression of an opinion concerning the effect of legal transactions. He had the means of knowledge equal to those of the defendant. If, under those circumstances, he executed the deed conveying the interests of the plaintiffs, relying upon the mere representations of the defendant, he is not entitled to relief. He should be deemed chargeable with want of the ordinary discretion which the law requires men to exercise in their own behalf, if he executed a conveyance of real estate, trusting to the assurance of the grantee that it would convey nothing. Under such circumstances, neither courts of equity nor of law will ordinarily afford relief. *Morrill* v. *Madden,* 35 Minn. 493, (29 N. W. Rep. 193;) *Brooks* v. *Hamilton,* 15 Minn. 10, (26;) *Slaughter* v. *Gerson,* 13 Wall. 379; *Brown* v. *Leach,* 107 Mass. 364; *Parker* v. *Moulton,* 114 Mass. 99; *Ætna Ins. Co.* v. *Reed,* 33 Ohio St. 283.

Though it be conceded that under some circumstances false representations respecting title, inducing the making of a conveyance, may entitle the grantor to a remedy for the deceit,—as to which, however, see *Robbins* v. *Hope,* 57 Cal. 493,—yet we think that a right of action upon that ground can only be sustained under extraordinary circumstances, and certainly not under the circumstances of

this case. Not only do we think that the plaintiff who executed the deed was not justified in doing so, relying upon the bare representations of the grantee that the title of the plaintiffs had been divested by legal proceedings, but we cannot reconcile the claim of the plaintiff that he relied upon the representations as to title with the fact that before he executed the conveyance he asked and obtained legal advice upon the subject. It is to be presumed that Mr. Jordan was advised of the facts of the case upon which his opinion was sought and given, and that the plaintiff asked his opinion in order that he might learn whether the interest which the plaintiffs were known to have once had in the land had been divested. We do not think that the case would have justified the conclusion that the plaintiff executed the deed because he relied upon the representations of the defendant—the adverse party—as to the title.

Order affirmed.