JOHN R. HAMMARGREN v. CITY OF ST. PAUL.[1]

December 24, 1896.

Nos. 10,203—(171).

**Defective Street—Evidence—Repairs after Accident.**
    The plaintiff, against objection, was permitted by the trial court to introduce evidence tending to prove that the defendant city had, subsequent to the time of the personal injury sued for, repaired the defective place in the sidewalk where the injury was sustained. *Held* error.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $3,000. Reversed.

*Edward J. Darragh*, for appellant.
*Chamberlain & Anderson*, for respondent.

BUCK, J. Action for personal injuries alleged to have been sustained by reason of a defective sidewalk on Burr street in the city of St. Paul. Verdict for plaintiff, and appeal from an order denying appellant's motion for a new trial.

The motion was based upon affidavits of newly-discovered evidence and the admission of incompetent evidence. The sidewalk where the injury occurred was built of plank, one of which had become rotten, thus leaving a hole in the sidewalk. During the trial the plaintiff sought to show, by the testimony of one of his wit-

[1] Reported in 69 N. W. 470.

nesses, that the hole where the accident happened was soon there-after fixed and repaired; and this attempt was accomplished by a statement of plaintiff's counsel that his object in doing so was to identify the hole, and that such hole was the only place in the side-walk which had been fixed. This evidence was admitted against the objection of the defendant. The court, in doing so, stated that he would allow it, but would not give any reason for doing so. We are of the opinion that the admission of this evidence was error.

The defendant had not claimed that there was any other hole in the sidewalk which might have produced the injury. The answer was a general denial, and, of course, put in issue the existence of the hole or defect alleged in the complaint. The accident happened on the sidewalk built on the west side of Burr street, between Jessamine and Geranium streets, and about 50 feet from the last-named street. The undisputed evidence discloses the fact that this was the only hole in the sidewalk between the two streets. Previous to the admission of this evidence, there was little or no controversy as to the location of the place of the accident. Upon this state of the case plaintiff's counsel introduced this evidence upon an undisputed fact, which, in its bearing on the case, might have been mischievous and harmful upon the minds of the jury, in suggesting to them the probability or possibility that the defendant, in making such repairs, deemed itself guilty of negligence in permitting the existence of this defect. The evidence that the defendant had subsequently repaired this defective hole would not be admissible under the rulings of this court in Morse v. Minneapolis & St. L. R. Co., 30 Minn. 465, 16 N. W. 358; Day v. Akeley Lumber Co., 54 Minn. 522, 56 N. W. 243.

The trial court did not in any manner, either by its rulings or in-struction, attempt to remove from the minds of the jury this possible harmful impression which it might have created, nor restrict the evidence to its bearing upon the identification of the place where the injuries were received, although we do not wish to be under-stood as holding that, if he had done so, it would have cured the error of its admission. It was admitted, and permitted to stand without any explanation by the court as to the purpose for which it was admitted, except the bare statement of counsel that it was intro-duced only for the purpose of identification of the defective place. Thus, under the guise of proving an undisputed fact, the plaintiff

managed to get before the jury evidence of the city making repairs; and while it could not, under the decisions of this court, be construed as an admission of a previous neglect of duty, the matter was left in such a state that the jury might have so regarded it. The mere statement of counsel of the purpose for which he offered it might not have lessened its ultimate evil influence upon the minds of the jury, and the defendant was entitled to have it excluded from their consideration. Nor do we think the fact that the defendant subsequently permitted the plaintiff's witness to testify as to the time of fixing this hole or repairing this defective place constituted a waiver of its right to insist upon the erroneous ruling of the court in admitting this incompetent evidence.

Order reversed, and a new trial granted.