JOHN E. MOORE v. A. T. TOWNSEND and Others.

April 21, 1899.

Nos. 11,663—(60).

**Public Nuisance in Street—Liability of Owner of Premises.**

By employing an independent contractor to paint a building the owners or occupants thereof cannot relieve themselves of a continuing duty which they owe to the public not to create or maintain a public nuisance on their premises; nor can the municipality in which such building is located be absolved from a like duty in respect to permitting a nuisance to be maintained, partly or wholly, in its streets.

**Fall of Ladder upon Sidewalk—Proximate Cause.**

A long ladder, the lower end resting in a village street, outside the sidewalk, inclined over and across the walk, the upper end resting upon a building, was blown down in an unusual wind and injured a passer-by. *Held*, that the negligence of the owner and occupants of the building in allowing the ladder to be inclined and to remain across the walk, and of the village authorities, after having knowledge of the facts, was the proximate cause of the injury; not the unusual wind.

**Witness—Error to Allow Certain Question.**

*Held*, further, that the trial court erred when allowing counsel for plaintiff to propound a certain question to a witness, and also when it refused to strike out the answer.

Action in the district court for Mille Lacs county against A. T. Townsend, Grant McClure, Ida Townsend, and the Village of Milaca to recover $15,800 damages for injuries sustained by plaintiff by reason of the falling of a ladder then standing in the street of defendant village of Milaca, and resting against the building of the other defendants. The cause was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000; and from an order denying a motion for a new trial, defendants appealed. Reversed.

*Charles Keith,* for appellants.

When one contracts with another exercising an independent call-ing to do work for him according to the contractor's own methods, and not subject to the foreman's control or orders except as to results to be obtained, he is not liable for the wrongful acts of such contractor or his servants. Hexamer v. Webb, 101 N. Y. 377; Butler v. Townsend, 126 N. Y. 105; Emmerson v. Fay, 94 Va. 60. See also Wiese v. Remme, 140 Mo. 289; Atlantic Transport Co. v. Coneys, 82 Fed. 177; Casement v. Brown, 148 U. S. 615; Weber v. Buffalo, 20 App. Div. (N. Y.) 292; Smith v. Milwaukee, 91 Wis. 360; Hawke v. Brown, 28 App. Div. (N. Y.) 37; Callan v. Bull, 113 Cal. 593. The test adopted in Casement v. Brown, supra, and clearly stated in Atlantic Transport Co. v. Coneys, supra, is not to regard as an essential or absolute test so much what the owner actually did when the work was being done, as what he had a right to do. See also New Albany v. Cooper, 131 Ind. 363; Callahan v. Burlington, 23 Iowa, 562; Forsyth v. Hooper, 93 Mass. 419; De Forrest v. Wright, 2 Mich. 368; Butler v. Townsend, supra; Fink v. Missouri, 82 Mo. 276; Town v. Loveless, 72 N. Y. 211; Conners v. Hennessey, 112 Mass. 96; Brown v. McLeish, 71 Iowa, 381; Cunningham v. International, 51 Tex. 503.

The mere fact that plaintiff was injured by defendants' failure to exercise ordinary care does not render defendants liable for the injury, unless it was the natural and probable result of such negligence and a result which, in the light of attending circumstances, defendants ought reasonably to have foreseen might probably occur. Sheridan v. Bigelow, 93 Wis. 426. The court should have charged that, if the ladder was thrown down by an extraordinary and violent gale, defendants were not guilty of negligence. Defendants' negligence was not the proximate cause of the injury. Pennsylvania v. Whitlock, 99 Ind. 16; Ryan v. New York, 35 N. Y. 210; Cooley, Torts (2d Ed.) 73, 74; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469; Wolff v. Wilson, 152 Ill. 9; Norling v. Allee, 13 N. Y. Supp. 791; Couts v. Neer, 70 Tex. 468; Fitzgerald v. Timoney, 13 Misc. 327; Insurance Co. v. Boon, 95 U. S. 117, 130; McClary v. Sioux City, 3 Neb. 44; Bodkin v. Western Union Tel. Co., 31 Fed. 134; Bishop, Non-Cont. Law, § 43; Railway v. Staley, 41 Oh. St.

118; Louisville v. Guthrie, 78 Tenn. 432; Selleck v. Lake Shore, 58 Mich. 195; City v. Zimmerman, 95 Pa. St. 287.

*Albert F. Pratt*, for respondent.

The ladder as it stood was a nuisance. 16 Am. & Eng. Enc. 922; Abbott, Law Dict.; 1 Taylor, L. & T. (8th Ed.) § 201; Pollock, Torts, 324; Franklin v. Crockett, 2 Sneed (Tenn.) 263; Com. v. Reed, 34 Pa. St. 275; Bower v. Peate, 1 Q. B. Div. 321; Bohen v. City of Waseca, 32 Minn. 176. If the owner or occupant of land permits another, though a contractor, to create a public nuisance thereon, by reason of which a third person suffers injury, the owner or occupant is responsible, since the gist of the action is that the owner or occupant has permitted the nuisance. Buswell, Pers. Inj. § 43; Davie v. Levy, 39 La. An. 551; Darmstaetter v. Moynahan, 27 Mich. 188; Woodman v. Metropolitan, 149 Mass. 335. A man may not allow a nuisance to exist on his property, though it be the act of a stranger. 2 Thompson, Neg. 890, 902; Robbins v. Chicago City, 4 Wall. 657; Chicago City v. Robbins, 2 Black, 418. An employer is liable where there has been unskilful or negligent arrangement of the work. Horner v. Nicholson, 56 Mo. 220. The owner or employer is liable for the acts of an independent contractor. Dillon v. Hunt, 105 Mo. 154, 11 Mo. App. 246; Gray v. Pullen, 5 Best & S. 970; Storrs v. City, 17 N. Y. 104; City v. Corey, 9 Mich. 164. The employer must at his peril see that due care is taken. Sturges v. Society, 130 Mass. 414; Stewart v. Putnam, 127 Mass. 403; Curtis v. Kiley, 153 Mass. 123; Wood, M. & S. § 316; 2 Thompson, Neg. 904; Wharton, Neg. § 180; Robbins v. Chicago City, supra; Water Co. v. Ware, 16 Wall. 566; City v. Moores, 80 Md. 348; Schip v. Pabst Brewing Co., 64 Minn. 22; Chicago v. Myers, 168 Ill. 139; Pullman v. Laack, 143 Ill. 242; James v. McMinimy, 93 Ky. 471. The negligence of defendants was the proximate cause. 16 Am. & Eng. Enc. 396, 397, 428, 432, 433, 436–443; Bishop, Non-Cont. L. §§ 39, 45; Railway v. Hopkins, 54 Ark. 209.

COLLINS, J.

Action against the owner and occupants of a store building, and the village in which it was located, to recover for injuries caused by the falling of a ladder upon plaintiff while he was walking upon

a sidewalk. The ladder was about 40 feet long, made up by fastening three short ladders together, the lower end resting in the gutter outside of the walk, while the upper end was placed against the building. It was placed there some weeks before the accident, by a third party, who had contracted with the owner of the building to paint it on the outside, furnishing his own equipment and material. The contractor had finished his work 13 days, at least, prior to the day on which it was blown down by an unusual blast of wind, and proof of the defendants' knowledge of all of the facts was plenary. The verdict was for plaintiff.

1. All of the defendants join in the appeal from an order denying a motion for a new trial; and their counsel contends that no recovery can be sustained, because the ladder was placed in position by the painter, an independent contractor, for whose negligence defendants cannot be held liable.

Without stopping to consider the availability of such a defense on behalf of the village, it is obvious that it is of no value to any of the defendants, on the facts now before us. The occupants and the owner of the building, without surrendering control over it, permitted the painter to create a nuisance in the public street when they allowed him to put the ladder in a position over the walk where it was a continual menace to all persons within its reach should it fall down. They, as well as the defendant village, maintained this nuisance for several weeks, and, as before stated, for at least 13 days after all necessity for use of the ladder had passed. By employing an independent contractor the owner or occupants of the building could not relieve themselves of the continuing duty which they owed to the public not to create or maintain a public nuisance on their premises. Nor could the village absolve itself of a like duty in respect to permitting a nuisance to be maintained, partly or wholly, in its streets. If a ladder placed over the sidewalk, as this was, could be allowed to endanger the lives and limbs of passers-by, the keeping open of a coal hole in a sidewalk could be defended on the same grounds. The question of defendants' negligence, under the circumstances here, was peculiarly for the jury. See Simpson v. Stillwater Water Co., 62 Minn. 444, 64 N. W. 1144; Clarke v. Rhode Island, 16 R. I. 463, 17 Atl. 59.

2. There is nothing in the claim that defendants were not guilty of negligence, because the ladder was blown down by an unusual wind. The negligence of the defendants, owner and occupants, in allowing the ladder to be inclined and to remain across the walk, and of the village, after its officers had knowledge of the fact, was the efficient cause of the injury to plaintiff. The fact that some other cause operated in connection with this negligence could not relieve defendants from liability. The original negligence concurred with another cause, and, operating at the same moment, produced the injury. The original negligent act of placing one end of the ladder in the public street, inclining it over the walk, and resting the upper end against the building, thus creating a public nuisance, was the proximate cause of the accident, and without this act plaintiff's injuries would not have been received.

3. But a new trial must be ordered, because there was prejudicial error on the part of the court when ruling in respect to certain evidence offered by plaintiff's counsel. The village marshal was examined in reference to his knowledge of the ladder, and testified that, a short time prior to the accident, he spoke to defendant A. T. Townsend about it. The witness was then asked, "Why did you do that?" This was properly objected to by counsel for defendants, but the objection was overruled and an exception taken. Whereupon the witness answered, "It was a long, heavy ladder, and dangerous standing there, in my estimation; liable to blow down, I thought." A motion to strike out this answer as incompetent, irrelevant, immaterial, being an opinion of the witness, and not responsive, was denied; defendants excepting. It was error to permit such a question to be propounded, because, while it was proper to show the conversation between the witness and one of the defendants in respect to the ladder, the reasons which influenced the former were immaterial; and the trial court again erred when it refused to strike out an answer, irresponsive in part, in which was the opinion of the witness as to the ladder being dangerous while standing against the building. Of course, this was not a case for the admission of expert testimony as to whether or not the ladder was heavy, or dangerous, or liable to blow down.

Order reversed.