F. W. BONNESS and Another v. S. D. FELSING and Others.[1]

February 2, 1906.

Nos. 14,539—(178).

**Case Followed.**

The rule laid down in Ames v. Cannon River Mnfg. Co., 27 Minn. 245, 6 N. W. 787, to the effect that a trial court may, in civil cases, express to the jury in its instructions its opinion of facts in issue, provided the ultimate determination thereof be left to the jury, followed and applied.

**Request for Instructions.**

If a party be apprehensive that the jury may be unduly influenced thereby, he should specially request the court to instruct that they, not the court, are the exclusive judges of all questions of fact.

**False Representations.**

Defendants represented that a tract of land owned by them contained a large quantity of standing timber, upon which plaintiff relied in purchasing the timber. The representation was not true; the land in fact contained no standing timber of any consequence. It is *held* in this, an action to recover back the purchase money paid for such timber on the ground that the representations were false and untrue, that the defendants could not relieve themselves from the consequences of their false representations merely because the plaintiffs could have ascertained the fact respecting the existence or nonexistence of the timber, nor because they made an ineffectual attempt to do so.

Action in the district court for Polk county to recover from defendants on the ground of fraud, $500 paid on account of the purchase price of certain timber. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiffs for the sum demanded.

[1] Reported in 106 N.W. 909.

From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*H. Steenerson* and *Charles Loring,* for appellants.

*James H. Maybury,* for respondents.

BROWN, J.

Defendants owned a tract of land which plaintiffs understood contained a large quantity of standing pine. With a proper description thereof plaintiffs' agent made an attempt to run the lines surrounding it, and confirmed, as he thought, the understanding of plaintiffs as respects the timber. He subsequently on behalf of and for plaintiffs negotiated a purchase of the timber, paying down upon the contract the sum of $500; the balance of the purchase price being provided for by deferred payments. Subsequent investigation disclosed, as plaintiffs claim, that there was in fact no timber at all upon the land, and this action was brought to recover back the preliminary payment. The action is predicated upon the alleged fraudulent representations of defendants, by which plaintiffs were induced to enter into the contract, and upon which they relied in making the purchase, to the effect that the land contained about three hundred thousand feet of standing timber. It is alleged that the representation was false, and that there was in fact no timber of any consequence upon the land. Plaintiffs had a verdict in the court below, and defendants appealed from an order denying a new trial. Several questions are raised by the assignments of error in this court, only two of which require special mention.

1. It appears from the evidence that the land in question is in Beltrami county, some distance back in the forest, and upon learning that defendants owned the same, plaintiffs' agent made an attempt to locate the lines thereof for the purpose of ascertaining the quantity of timber standing thereon. He supposed he located the land, but the evidence fairly shows that he was in error, and that he in fact examined a tract of land not owned by defendants at all. But subsequent to his examination of the land, and during the negotiations for the purchase, defendants represented that the tract contained in the neighborhood of three hundred thousand feet of pine. In the course of its instructions to the jury the trial court said:

> The evidence that has been offered tends to show that there was some mistake about it some way; that the pine was upon some other forty.

Of this instruction defendants complain, and the giving of it is assigned as error. It is urged in support of this contention that it was the expression of an opinion by the court of a material fact in the case, and an infringement of the right of defendants to have the facts passed upon by the jury. Whether this should be construed as the expression of an opinion by the court or not, it is clear that it was not reversible error. It was a passing remark, made in the course of the charge, that the evidence tended to show that there was some mistake or misunderstanding between the parties respecting the location of the land, the timber upon which plaintiffs contemplated buying, and, if it be conceded that it amounted to an expression of the court's opinion, there was no intention to take the question from the jury.

The rule in some of the states, founded upon statutory provisions, that it is error for the trial court to express an opinion to the jury concerning the facts in issue, is not in force in this state. The rule of the English courts and federal courts of this country has been adopted and followed by this court. Under that rule the trial court may in civil actions express its opinion upon the facts, provided the ultimate determination thereof is left to the jury. The form of instruction employed by the court below, in the case at bar, is commonly in use in this state. It is often followed, however, by the express statement that the jury are the ultimate arbiters of the fact, and upon them rests the responsibility of determining the truth of the matters in issue.

This subject was fully covered in the case of Ames v. Cannon River Mnfg. Co., 27 Minn. 245, 6 N. W. 787, where the court in substance said that in the absence of a statute on the subject the trial court may express to the jury its opinion of the facts, though it may not, where there is a fair conflict of evidence, direct the jury how they shall find them. If the party fears undue influence upon the jury from what the court may say in reference to the facts, he may request an instruction that the jury, and not the court, are to determine what these facts are. That case was followed and applied in First Nat. Bank v. Holan, 63 Minn. 525, 65 N. W. 952, where the court said: "While as a general

rule the trial court ought to refrain from expressing any opinion upon a disputed question of fact, yet in a civil case it is not error to do so, providing the question is fairly left to the jury for their decision."

In criminal prosecutions the rule is different. Section 7333, G. S. 1894, provides that, if the court presents the facts to a jury in a criminal case, it shall, in addition to what it may say in reference thereto, expressly inform them that they are the exclusive judges of all such questions. But that statute does not apply to civil actions.

A careful examination of the entire charge, in the case at bar, leads to the conclusion that all disputed questions of fact were fairly left to the jury to determine, and the rule laid down in the cases cited applies. If defendants were apprehensive that the instruction, now complained of, was likely to prejudice their cause before the jury, a request to instruct that the jury were the exclusive judges of the facts should, under the decision in Ames v. Cannon River Mnfg. Co., supra, have been made.

2. It is also urged that the court should have directed a verdict for defendants, because the evidence was wholly insufficient to sustain the allegations of fraud charged in the complaint. It is urged in this connection that if any mistake arose in reference to the particular tract of land owned by defendants, and whether it in fact contained any standing timber, it resulted entirely from plaintiffs' own neglect; that they had the means of ascertaining the fact and are not entitled to recover. The evidence fairly shows, as already stated, that pending the negotiations for the purchase of the timber defendants represented that the land contained about three hundred thousand feet of standing pine, and, though the plaintiffs may have had an opportunity to examine the land and determine for themselves its exact condition, still they had the undoubted right to rely upon the representations made to them.

The case in its principal facts is like Olson v. Orton, 28 Minn. 36, 8 N. W. 878. In that case the defendant held a pre-emption right to a tract of government land and entered into an agreement with the plaintiff by which he abandoned his rights, to the end that plaintiff might file on the same, and to induce him to enter into the contract represented that the land covered by his entry included certain standing timber. The court held that, though the plaintiff might have ascertained by prop-

er investigation whether the land in fact contained the timber, he had a right to rely upon the representations made to induce him to enter into the contract; that in such a case the seller cannot avoid the consequences of his false representations merely because the purchaser might have consulted the records of the official surveys, had the land surveyed, and thus ascertained whether the boundaries included the timber. See also Porter v. Fletcher, 25 Minn. 493, where it was held that where the seller, in offering certain city lots for sale, made representations to the purchaser as to their size and location, the latter is not required to examine the records for the purpose of ascertaining the truth of the representations, but may rely thereon.

Plaintiffs in the case at bar had a right to act on the assumption that defendants knew their own property, and, though they made an ineffectual effort to ascertain the fact respecting the existence of timber thereon, they are not precluded from relying upon the representations. Kiefer v. Rogers, 19 Minn. 14 (32). They were required to exercise only ordinary diligence in efforts to learn the true condition of the land. 14 Am. & Eng. Enc. (2d Ed.) 119. The case of Cobb v. Wright, 43 Minn. 83, 44 N. W. 662, is not in point.

The action being based upon the claim of fraud, plaintiffs could not, of course, recover upon the ground of mistake; and it is clear that the trial court did not submit the case to the jury upon that theory. The evidence, fairly construed, supports the allegations of fraud and is sufficient to justify the verdict. The other assignments present no reversible error.

Order affirmed.