### KING CATTLE COMPANY v. I. S. JOSEPH.[1]

October 30, 1925.

No. 24,798.

**Charge to jury neither argumentative nor too favorable to winner of verdict.**

> Instructions to the jury in an action to recover possession of non-negotiable bonds considered and *held* not to be argumentative or too favorable to the party who obtained the verdict.

See Trial, 38 Cyc. pp. 1600, 1612.

After the former appeal the case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Cobb, Wheelwright, Hoke & Benson,* for appellant.
*Edward Nelson* and *Einar Hoidale,* for respondent.

LEES, C.

This case was here before, 158 Minn. 481, 198 N. W. 798, 199 N. W. 437, and is brought here again by appeal from an order denying defendant's motion for a new trial after the jury had returned a verdict in plaintiff's favor.

The errors assigned relate wholly to the instructions to the jury. On the former appeal it was held that the bonds, which are the sub-

[1]Reported in 205 N. W. 639.

ject matter of this litigation, were not negotiable. One of the issues submitted to the jury was whether defendant was an innocent purchaser of the bonds. The court called the jury's attention to numerous circumstances which might be considered in determining that question and, in enumerating them, said that one was the non-negotiable character of the bonds. Defendant asserts that, when that question was raised before, the court had considerable difficulty in arriving at the conclusion that the bonds were not negotiable, hence the defendant, a mere layman, should not be charged with notice of something about which the courts were uncertain.

If the trial court had singled out this particular feature of the case and laid special stress upon it, defendant might have some reason to complain, but the non-negotiable nature of the bonds was referred to casually as one of many circumstances which the jury might consider in determining whether defendant had acquired the rights of an innocent purchaser. Read in conjunction with all that was said on the subject, it would seem that the court's passing allusion to the character of the bonds would not be apt to influence the jury in determining the ultimate question as to defendant's standing as an innocent purchaser.

Another issue submitted to the jury was whether the plaintiff, by its conduct, was estopped from claiming ownership of the bonds. It is argued that the court laid undue stress upon the facts and circumstances relative to this issue which were favorable to the plaintiff, and did not treat defendant equally well. More specifically, it is urged that the jury might infer from the language of the court that plaintiff need not use the same degree of diligence in calling upon Stevens & Company for the return of the bonds as would be required if the bonds had been negotiable, and that plaintiff might rely to some extent upon the standing of Stevens & Company at that time as a reputable and responsible investment and brokerage house.

The court made a fair and comprehensive statement of the evidence. Such a statement is usually helpful to the jury, and this court has repeatedly held that in civil actions the trial judge may

, go so far as to express his opinion on the facts, provided the ultimate determination thereof is left to the jury. The best statement of the rule will be found in Bonness v. Felsing, 97 Minn. 227, 106 N. W. 909, 114 Am. St. 707, and all the cases in which the rule has been considered are cited in Presley Fruit Co. v. St. L. I. M. & S. Ry. Co. 130 Minn. 121, 153 N. W. 115.

The criticism that the charge was argumentative and too favorable to plaintiff is not justified. The case was one in which the court's comments upon the evidence were fair and to the point, and defendant has no substantial ground for complaint on that score.

Order affirmed.