JACOB K. THOMPSON v. H. E. BYRAM AND OTHERS.[1]

December 20, 1929.

No. 27,522.

[1]Reported in 228 N. W. 546.

*F. W. Root, C. O. Newcomb, A. C. Erdall* and *W. H. & H. W. Gillitt,* for appellants.

*Tautges, Wilder & McDonald,* for respondent.

HOLT, J.

Defendants appeal from the order denying their motion in the alternative for judgment non obstante or a new trial.

The accidental injury for which plaintiff seeks damages occurred shortly after one o'clock a. m. July 7, 1927, in the "New Yard," near the easterly city limits of St. Paul, operated by defendants as receivers of the Chicago, Milwaukee & St. Paul Railway Company. The yard tracks run substantially east and west, and are numbered from north to south as numbers 1 to 22. North of track 1 are a caboose track and three repair tracks. These tracks are entered from a lead running northwesterly at the east end of the yard.

A little more than an hour before the accident a freight train to be broken up was set in on track 17, and it became the duty of the switching crew, of which plaintiff was the fieldman, to place the different cars of this train upon the proper tracks for transportation to destination. Either one or two hauls of about 20 cars from

this train had been placed on indicated tracks, so that when plaintiff was injured the engine had hold of only two cars. The engine was then on the lead a short distance east of the switch for track 5 with the two cars west of the engine. The movement then to be made was to kick the most westerly car in upon track 5 and then set the car next to the engine in upon track 2. The switch from the lead had been lined up for track 5, the signal was given for the kick, plaintiff mounted the stirrup at the west end of the westerly car to ride in past the switch, then dismount, cross the intervening tracks and line up the switch for track 2; and in the meantime the conductor or headman was to close switch for track 5 so that the last car and the engine would pass it by. As plaintiff dropped off when switch for track 5 had been passed his foot came in contact with a jack block, he rolled towards the rails, his left arm got under the rear trucks of the car and was cut off below the elbow. The jack block was a piece of plank about 5 inches thick, 14 inches wide, and some 30 inches long. The yard proper was kept free of blocks or other obstructions, but along the repair tracks and in the repair shanties along those tracks such and smaller blocks were kept for use.

There is no dispute concerning the presence of a jack block, similar to the one described, where plaintiff was injured between tracks 5 and 4, nor that its presence caused the injury. Defendants do not question the right of the jury to find negligence, if they or their servants placed or left the block where it was when it tripped plaintiff. The chief contention is that the evidence does not warrant the conclusion that it was their fault or that of any of their agents or servants that the block was there; hence it was error to deny them judgment notwithstanding the verdict.

We appreciate that defendants adduced proof that no, repairs such as are made elsewhere than on the repair tracks had been made where this block was, and also that it was not adapted for such minor repairs as replacing a brake shoe. (There was evidence that a brake shoe and key were near the block.) They also suggest that similar blocks are used to block heavy freight like threshers and

tractors on flat cars, and might have fallen off them. (Some witness testified that this block had such indentation as might be made by the foot of a jack.) Then again, it is said trespassers might have dropped it there or persons working for a contractor doing some work in the yard beyond the yard tracks. But it seems to us that the jury might with more reason conclude that the block was left there by some agent or servant of defendants. Defendants used this yard night and day, and there is no evidence that others resorted to the tracks here concerned to carry away such things as jack blocks or for any other purpose that would account for this block in the place it was. Defendants owed a duty of due care to keep the switch yard in a reasonably safe condition for the men working there. We are not greatly impressed with the proposition that defendants were in the exercise of due care if their method of work was such that no report of a discovered dangerous condition should be made or the condition remedied except by special servants employed either to report or remove the same. A yard foreman noticed this block about five hours before the accident. He concluded the employe who placed it there had not got through with its use. A yard clerk or car checker stumbled over the block less than an hour before plaintiff was injured. Neither one attempted to remove the block or to report its presence. Defendants on cross-examination of both of these men elicited that neither one was charged with any duty in respect to the safe condition of the yard or to report if anything was amiss. We shall not discuss the evidence further, since for the reason presently to be stated there must be a new trial. However we are satisfied that this is not a case for judgment non obstante.

The error we refer to was that plaintiff, over the objection of defendants, was permitted to prove that the next day, in the carmen's shanty in the yard, this bulletin was posted:

"The yardmen in St. Paul will have to be more careful in picking up their blocks, as a carman left a block between tracks in the yards last night which resulted in an accident to one of our switchmen.

"W. A. Washburn, Chief Car Foreman."

Of course the learned trial court was well aware of the rule established in this state since 1883 by the opinion in Morse v. M. & St. L. Ry. Co. 30 Minn. 465, 16 N. W. 358, that evidence of changes made or precautions taken after an accident to prevent another occurring is not admissible to prove negligence; but it was sought to limit the effect of the bulletin by this instruction, upon which error is also assigned:

"You cannot find negligence from the issuing of said bulletin but that such evidence of the contents of such bulletin was admitted solely for what bearing it might have on the question as to whether or not defendant or its agents or servants permitted said block to be where it was at the time plaintiff was injured and whether or not it was a jack block which had been placed or left there by some servant, agent or employe of the defendant."

The instruction, if anything, accentuated the prejudicial effect of the evidence erroneously admitted. A vital issue was whether the block was left where it was by some servant of defendants; if the jury found that it was, the conclusion of negligence of a fellow servant for which defendants were responsible was almost unavoidable.

In regard to the inadmissibility of the evidence here admitted, the Supreme Court of the United States holds the same as this court, saying [144 U. S. 207] "that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past," and quotes with approval the language of Justice Mitchell in the Morse case [30 Minn. 465, 16 N. W. 358]. Columbia & Puget Sound R. Co. v. Hawthorne, 144 U. S. 202, 12 S. Ct. 591, 593, 36 L. ed. 405.

In Davidson Steamship Co. v. U. S. (C. C. A.) 142 F. 315, 319, the court applied the same rule, saying:

"It is the settled doctrine of the courts of the United States that the taking of additional precautions after the occurrence of an accident is not evidence of want of care in the past."

The case was affirmed in 205 U. S. 187, 27 S. Ct. 480, 51 L. ed. 764, but no particular mention was made of the exclusion of the testimony the plaintiff in error had offered.

Error is also assigned upon that portion of the charge relating to damages. The charge is very much like the one held objectionable as permitting a duplication of damages in Cox v. C. G. W. R. Co. 176 Minn. 437, 223 N. W. 675. This may account in a measure for the size of the verdict of which defendants complain.

There are other errors assigned upon the exclusion and reception of evidence, but none are of sufficient importance to require discussion or are likely to cause any difficulty at another trial.

Some question is made in appellants' brief of the propriety of the court's instructing the jury that plaintiff when injured was engaged in interstate commerce, but at the oral argument the point was abandoned as ground for judgment non obstante for the very good reason that our employers liability act is substantially the same as the federal, and the right of recovery and measure of damages are the same.

For the error in the admission of the bulletin and the charge in relation thereto there must be a new trial.

In so far as judgment non obstante veredicto is denied the order is affirmed, but it is reversed in so far as the new trial is denied, and a new trial is hereby granted.