[No. 2948. Decided May 26, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. AUGUST
SMITH, *Appellant*.

INTENT TO RAPE — SUFFICIENCY OF INFORMATION.

An information charging defendant with an assault with intent
to commit rape, made "on the 20th day of October, 1897, and
within three years next before the filing of this information,"
by feloniously attempting to carnally know and abuse a female
child under the age of eighteen years (the age of consent), is
sufficient in its charges as to time and nature of the offense.
(GORDON, J., dissents).

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*Fenton & O'Brien*, for appellant.

*John A. Pierce*, Prosecuting Attorney, for the State.

The opinion of the court was delivered by

REAVIS, J.—Appellant was charged with a public
offense in the following terms:

" The crime of assault with intent to commit rape, com-
mitted as follows, to-wit: That on the 20th day of Octo-
ber, 1897, and within three years next before the filing
of this information, at the county of Spokane and state of
Washington, the said defendant, August Smith, then and
there in the said county and state being, then and there
unlawfully and feloniously did then and there in and
upon one Millie Rux, a female child under the age of eight-
een years, feloniously attempt to carnally know and abuse,"
etc.

A motion to quash and a demurrer to the information
were filed and overruled before trial. The demurrer sets
up that the information does not substantially conform to
the requirements of the criminal code; that the facts

stated in the information do not constitute a crime; that the information does not inform the defendant of the nature and cause of the charge against him; that the information is not direct and certain; that the allegation of time is indefinite and uncertain; that the act or omission charged as the crime is not stated with such degree of certainty as to enable the court to pronounce judgment; and that the statutes under which the information was filed are unconstitutional. It will not be necessary specifically to notice each ground of the demurrer. The jury returned a verdict of "guilty as charged in the information," and the judgment of the court entered thereon adjudged the defendant guilty of the crime of assault with intent to commit rape as charged in the information. It is maintained by counsel for appellant that it is uncertain what offense is charged in the information; whether the defendant is charged under the statute prescribing the punishment for assault with intent to commit rape (§ 22, Penal Code; Bal. Code, § 7057) or charged with an attempt to commit rape under ch. 14, 2 Hill's Penal Code (Bal. Code, § 7436), "on attempts to commit crimes." The information specifically charges appellant with assault with intent to commit rape, and then states the fact constituting the crime, that is, "unlawfully and feloniously attempting to carnally know and abuse," etc., in the language of the statute of 1897, Laws 1897, p. 19. It has been ruled here that it is not necessary to charge or allege force in assault with intent to commit rape where the fact is alleged that the female is under the age of consent. See *State v. Hunter*, 18 Wash. 670 (52 Pac. 247). The fact that the word "attempt" is used in stating the facts which constitute the crime cannot be misleading. It does not purport to be technically used to define the crime of attempt to commit rape, for an assault with an intent to

commit the substantive crime involves necessarily an attempt. See *State v. Elswood*, 15 Wash. 453 (46 Pac. 727). The time is specifically charged in the information. The offense is specifically charged. The objections to the information were, therefore, properly overruled and the judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR, J., concur.

GORDON, J., dissents.