## STATE v. RALPH F. MACBETH.[1]

### July 7, 1916.

### Nos. 19,709—(6).

**Rape — verdict inconsistent with itself.**

    1. Under the evidence and the charge of the court, there is no room for drawing a distinction between an attempt to commit the crime of rape and an assault with intent to commit that offense. Therefore that part of the verdict which specifically found defendant not guilty of an attempt cannot be reconciled with that part thereof which finds him guilty of assault in the second degree—an assault in the second degree

[1] Reported in 158 N. W. 793.

having been submitted to the jury as the equivalent of an assault with force and violence upon a female under the age of consent, and there being no basis in the evidence for any other finding than that the assault was against her will.

**Rape — assault with force against the will of woman under age of consent.**

2. If there is to be a distinction between an assault to commit the felony denounced by section 8655 and the one covered by G. S. 1913, § 8656, so that the latter may be said to be one of lower degree embraced within the former, the distinction must be based upon whether or not the assault was against the will of the female.

Defendant was indicted by the grand jury for the crime of an attempt to commit rape, tried in the district court for Blue Earth county before Quinn, J., acting in the place of the judge of the Sixth judicial district, and found not guilty of the crime of an attempt to commit rape, but guilty of assault in the second degree. From the order denying his motion for a new trial, defendant appealed. Reversed.

*Pfau & Pfau, Harry Johnson* and *Ivan Bowen,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *John W. Schmitt,* County Attorney, for respondent.

HOLT, J.

The indictment charged that defendant "did in and upon one Mary Handy, a female of the age of fourteen years, violently and feloniously make an assault, and her, the said Mary Handy, then and there violently and by force and against her will, feloniously did attempt to ravish and carnally know," etc. The verdict was: "We the jury in the above entitled action find the defendant Ralph E. Macbeth not guilty of the crime of attempt to commit rape, but we find the defendant guilty of assault in the second degree." A motion for a new trial was made, and from the order denying the same defendant appeals.

It may be conceded that the indictment sufficiently charges an attempt to commit the crime denounced by subdivision 2 of section 8655, G. S. 1913. The intent is sufficiently indicated in the words "ravish and carnally know." State v. Smith, 19 Wash. 376. It may also be assumed that females between the ages of 10 and 18 come under the protection both of sections 8655 and 8656, G. S. 1913. But even so conceding,

we think the evidence does not justify the verdict, based, as it is, upon a distinction between the offense charged and assault in the second degree as submitted by the court. The jury were instructed, and we think properly, that assault in the second degree was here the equivalent of, and meant nothing other than, an assault with intent to commit rape. Although Mary Handy was under the age of consent, there is not the slightest suggestion that she at any time yielded to defendant's attempt. To constitute an attempt to rape as well as an assault with intent to commit that crime, there must be the intent and the assault. The intent must be precisely the same in each instance, and in this case the assault was a forcible and violent assault against the victim's will and without her consent, or else the assault was altogether wanting, in which case there could be no conviction under either theory of an offense. Therefore, we hold that there is no such difference in the degree of the crime charged and the one to be found in the proof in this case, that the part of the verdict acquitting defendant can be reconciled with the part thereof finding him guilty of substantially the same thing whereof he was acquitted. In People v. Horchler, 231 Ill. 566, 83 N. E. 428, the indictment contained two counts: The first, an assault with intent to forcibly ravish against the will of the female; and the second charged that the defendant "violently and feloniously did make an assault in and upon one Catherine Lindgren, then and there being a female, and her, the said Catherine Lindgren, then and there, violently and against her will, feloniously and forcibly did attempt to ravish and carnally know." The jury found the defendant guilty "of assault with intent to rape, in manner and form as charged in the indictment." It will be noticed that the second count is substantially the same as the indictment here. The counsel for both sides in that case treated the first count as stating an assault with intent to rape and the second as an attempt to commit rape, but the supreme court said: "We are unable to see any substantial difference between the two counts. Both are good counts for an assault with intent to commit rape." There may be cases where a distinction can be drawn between an attempt to commit rape and an assult with intent to commit that crime, but we think this is not one, for both the indictment and the evidence make it an attempt to commit the crime with force, or a forcible and violent assault with intent to commit the same offense. We cannot,

therefore, hold that the assault in the second degree, submitted by the court as the equivalent of assault with intent to rape, is an offense embraced in the one charged as one of lesser degree, but that it is substantially the one specified in the indictment.

By the ruling herein made, we do not determine that under this indictment defendant could not have been convicted of an attempt to commit the offense punishable under said section 8656, G. S. 1913, or of an assault with intent to commit the felony therein described, had the proof left any room for finding that the prosecutrix consented to or acquiesced in the assault—for the testimony is conclusive that she was over 14 and under 18 years of age. But as above stated, if both sections 8655 and 8656 are applicable to cases where the female is above 10 and under 18 years of age, so that the latter section may be said to describe an offense embraced in the former, but of a lesser degree, then the fact whether the assault with intent to commit the offense was or was not against the will of the female must determine whether the crime comes within the one or the other of said sections.

This conclusion renders a new trial necessary. It is therefore deemed inexpedient to comment upon the facts. Complaint is made that the court did not submit assault in the third degree, or assault and battery. Had the court's attention been directed to the matter no doubt it would have been submitted, as it should have been. We find no basis for the charge that the attitude or observations of the court during the trial prejudiced defendant. The rulings upon the proof offered were in the main correct. It may, however, be said that no legitimate purpose was served by permitting the state to bring out in the cross-examination of one of defendant's witnesses that he had been an inmate of an inebriate asylum. It was almost on par with defendant's attempt to discredit the prosecutrix by showing that her father was at one time under the influence of liquor. No other alleged errors need be considered.

The order is reversed and a new trial granted.