## STATE v. HENRY E. KRANTZ.[1]

October 12, 1917.

No. 20,446.

**Verdict sustained by evidence.**

    1. Evidence considered and *held* sufficient to sustain a conviction of assault with intent to commit rape.

**Criminal law — declaration admissible in evidence.**

    2. It is competent, in a prosecution for assault with intent to commit rape, to give in evidence a declaration of the fact made to prosecutrix's close friend at the first opportunity and shortly after the transaction, in corroboration of her testimony.

[1]Reported in 164 N. W. 579.

**Same — assault with intent to commit rape.**

3. If a man assaults a woman with intent to have intercourse with her by force and against her will, the crime of assault with intent to commit rape is complete.

**Same — same — evidence.**

4. The use of force in an endeavor to have carnal knowledge of a woman, tends to show an intent to commit rape, and if the evidence satisfies the jury that the defendant used such force and so conducted himself as to evince an intention to commit rape, it is sufficient to sustain a conviction of an assault with an intent to commit rape.

Defendant was indicted for the crime of rape, tried in the district court for St. Louis county, before Ensign, J., and a jury which found him guilty of an assault with intent to commit rape. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Lathers & Hoag* and *Fryberger, Fulton & Spear,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, and *Mason M. Forbes,* Assistant County Attorney, for respondent.

QUINN, J.

The defendant was indicted, charged with the crime of rape, committed by forcibly overcoming the resistance of the prosecutrix. In opening the case to the jury, the prosecuting attorney stated that the state sought a conviction only for assault with intent to commit rape, and in its charge the court submitted only that offense to the jury. The jury returned a verdict of guilty of an assault with intent to commit rape. From an order denying his motion for judgment notwithstanding the verdict or for a new trial defendant appealed.

The testimony shows that, at the time of the alleged assault, the complainant was but 17 years of age; that she lived with her mother, and when not in school worked at various kinds of employment; that on Saturday, January 15, 1916, she obtained employment with the defendant in his meat market in Duluth, through an employment bureau; that the defendant was 50 years of age with a family consisting of his wife and two grown daughters, one of whom worked in the market, which

was conducted in a room having a glass front and facing upon one of the public streets of the city; that this room was divided by a board partition which had a door and window in it, the front room being used for the market and the back room as an office and work place having an outside door at the rear.

The complainant testified that on the morning of January 17, 1916, she arrived at the market at half past seven o'clock; that the defendant arrived shortly thereafter; that he then built a fire in the office and that both she and the defendant worked about the place until the daughter arrived some two hours later, when the defendant left to attend to other business and did not return until about four o'clock in the afternoon; that she and the daughter worked about the market during the day, and that upon the return of the defendant the daughter went home; that defendant then worked in the market until about six o'clock when he came into the office shutting the door behind him; that he then went to the rear door and tried it and it was locked, and then approached complainant making some indecent remark and putting his arm around her waist; that she pushed his arm away and that he then grabbed her violently and a scuffle followed; that she nearly got away from him when she stumbled backward over a chair and he committed the act complained of in the indictment; that when she got got up and away from him she grabbed her hat and cloak and rushed out, going to the home of her friend Katherine Ellis, a distance of some 18 blocks; that when she arrived at the Ellis home the family were sitting down to supper and she went into the bathroom and there told Miss Ellis what had happened. Katherine Ellis testified that the complainant had lived with her when attending high school and worked for her board; that she came to the Ellis home on the evening in question at about a quarter of seven; that her hair was all down, her stocking-cap hung from the top of her head, her cloak was all unbuttoned, her hands bare, her face all streaked with tears and she looked very untidy.

The prosecuting attorney then asked the witness the following question: "Q. What complaint did she make to you?" The defendant objected to the question as being immaterial, irrelevant, not part of the res gestae, and being too remote in point of time. The objection was overruled and the witness answered: "I asked her what was the matter. She

was crying and she said: 'that man has done something to me.' * * * I said: 'What man?' She said: 'That man at the meat market.' I said: 'You mean one of the clerks?' She said: 'No, the man himself.' I said: 'What do you mean, done something, what did he do?' And she said: 'I don't know' and started to cry, and I said: 'Well, you know.'" The witness then further testified: "She told me then what had happened down there." I then took her home. She acted very nervous and hysterical, and I went for Dr. Hirschfield. Other witnesses testified as to the complainant's appearing very nervous and hysterical during the evening.

It is now urged on behalf of the defendant: (1) That the evidence is insufficient to sustain the verdict; (2) that the court erred in admitting the testimony of the particulars of the complaint made by the prosecutrix to the witness Ellis some time after the alleged assault; (3) that the trial court erred in charging the jury as a matter of law that the statement of the complaining witness after the alleged offense corroborated her testimony, and in directing special consideration to all the details of this statement; (4) that it was misconduct on the part of the state's attorney to argue punishment and mislead the jury as to punishment.

It is argued that from the complainant's own statement of what occurred in the office as to her conduct and demeanor, in view of the time and place of the alleged assault, there is not sufficient proof of resistance on her part to warrant a conviction. If the occurrences were as detailed by her, the evidence, in our opinion, was ample to justify the verdict of the jury. If the defendant assaulted the complaining witness with the intention of having intercourse with her by force and against her will, the crime of which he stands convicted was complete. State v. Bagan, 41 Minn. 285, 43 N. W. 5. The use of force in an endeavor to have carnal knowledge of a woman, tends to show an intent to commit rape, and if the evidence satisfies the jury that the defendant used such force and so conducted himself as to evince an intention to commit rape, it is sufficient to sustain a conviction of an assault with an intent to commit rape. State v. Atherton, 50 Iowa, 189, 32 Am. Rep. 134; State v. Cross, 12 Iowa, 66, 79 Am. Dec. 519; State v. Hartigan, 32 Vt. 607.

Upon the trial the state was permitted, over objection, to show that the prosecutrix made complaint of the alleged commission of offense to

her friend, Katherine Ellis, when she reached the home of the latter on her way from the place of the occurrence. The testimony was objected to upon the ground that it was immaterial and irrelevant, not part of the res gestae and too remote in point of time. If the testimony was offered solely as part of the res gestae, there might be some merit in the contention, but such complaint made so shortly after the alleged commission of the offense, to her close friend at the first opportunity, was admissible not perhaps because a part of the res gestae, but because it is a fact tending to corroborate the testimony of the prosecutrix. 3 Greenleaf, Evidence, § 213; State v. Reid, 39 Minn. 277, 39 N. W. 796; State v. Connelly, 57 Minn. 482, 485, 59 N. W. 479; State v. Richards, 33 Iowa, 420; State v. Peterson, 110 Iowa, 647, 82 N. W. 329; Burt v. State, 23 Oh. St. 394.

It is insisted that the testimony of the witness Ellis as to what the prosecutrix said to her should have been excluded as hearsay. There was no objection upon that ground, but if there had been we fail to see how the answer could have prejudiced the rights of defendant. It was a statement as to what had happened, not how it happened, nor was the name of the defendant mentioned. It was a mere statement leading up to the complaint and exclamation. The girl was crying, and said: "That man has done something to me * * * that man at the meat market." "You mean one of the clerks?" "No, the man himself." "What did he do?" "I don't know," and she started to cry. The statement amounts to nothing more than a complaint that an assault had been made. Defendant complains of the giving of certain instructions by the court and of remarks made by counsel for the state in his argument to the jury. We do not find that any of these complaints are well founded. The jury was carefully instructed, and the argument objected to was not such as to prejudice defendant.

Affirmed.