STATE v. E. F. CHRISTOFFERSON[1].

May 20, 1921.

No. 22,263.

**Indictment sufficient to warrant conviction for assault in third degree.**

A defendant may be convicted of an assault in the third degree under an indictment charging him with an attempt to commit rape by forcibly overcoming the resistance of the female, as the commission of an assault is necessarily included in the offense charged.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of an attempt to commit rape. Defendant's demurrer to the indictment was overruled. On the trial before Watts, J., and a jury he was convicted of assault in the third degree. His motion for acquittal and absolute discharge was denied. From the judgment entered pursuant to the verdict, defendant appealed, Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, and *Spencer Searls,* Assistant County Attorney, for respondent.

TAYLOR, C.

The defendant was indicted for the crime of an attempt to commit rape. The court instructed the jury that they could find him guilty of the offense charged, or guilty of an assault in the third degree, or not guilty. They found him guilty of an assault in the third degree. From the judgment entered on this verdict he appeals.

The settled case contains only the defendant's requests to charge and the charge of the court with the exceptions thereto. It contains none of the evidence.

The defendant made a motion for the entry of a judgment of acquittal, on the ground that the verdict of guilty of an assault in the

[1]Reported in 182 N. W. 961.

third degree amounted to an acquittal of the crime charged, and that he could not be convicted of an assault in the third degree under an indictment charging an attempt to commit rape. He stated in the motion that it was made "without in any manner waiving his constitutional right to not be again placed in jeopardy for the offense charged in and by the indictment herein nor in any manner moving for or consenting to the granting of a new trial herein upon this indictment." Consequently the only question before the court is whether the defendant could be convicted of a simple assault under the indictment.

The statute provides that "the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." G. S. 1913, § 9213.

The defendant insists that the crime of an attempt to commit rape may be committed without committing an assault and therefore does not necessarily include the commission of that offense, and that he cannot be convicted of an assault under an indictment charging an attempt to commit rape for that reason. The statute declares that: "An act done with intent to commit a crime, and tending, but failing, to accomplish it, is an attempt to commit that crime." G. S. 1913, § 8490.

The statute, in five subdivisions, defines five distinct ways in which the crime of rape may be committed. G. S. 1913, § 8655. An indictment under this statute must allege the acts constituting the crime so as to inform the accused in which one of these different ways he is charged with having committed it. And where the indictment charges the commission of acts which constitute the crime as defined in one subdivision of the statute, he cannot be convicted under that indictment by proving the commission of different acts which would constitute the crime as defined in a different subdivision. State v. Vorey, 41 Minn. 134, 43 N. W. 324; State v. Hann, 73 Minn. 140, 76 N. W. 33; State v. Farrington, 59 Minn. 147, 60 N. W. 1088, 28 L.R.A. 395; State v. Henn, 39 Minn. 464, 40 N. W. 564.

The way of committing the crime defined in the second subdivision of the statute is by forcibly overcoming the resistance of the female. The indictment in question charges an attempt to commit the crime in the manner defined in this subdivision. It charges that E. F. Christofferson "did wrongfully, unlawfully, wilfully and feloniously at-

tempt to have sexual intercourse with one Ruth Rust against her will and without her consent · * * * the said E. F. Christofferson then and there attempting to overcome the resistance of the said Ruth Rust to the said sexual intercourse forcibly and then and there striking, beating and choking the said Ruth Rust, all of which said acts were then and there done by the said E. F. Christofferson with intent to commit the crime of rape, and which acts then and there tended but failed to accomplish said crime."

The offense charged could be proven only by proving an attempt to overcome the resistance of the female by the use of force and necessarily involved proving an assault.

Whether it may be possible to commit the crime of an attempt to commit rape in some of the ways defined in the other subdivisions of the statute without committing an assault, it is not necessary to determine, for the offense here charged necessarily includes an assault, and the defendant could not be convicted under this indictment without proving an assault.

In State v. Macbeth, 133 Minn. 425, 158 N. W. 793, the offense charged was an attempt to commit rape and the indictment was drawn under the same subdivision of the statute under which the present indictment is drawn. The court said, in effect, that the offense charged included both an intent to commit the crime of rape and an assault, and remarked that the question as to whether the defendant had committed an assault in the third degree ought to have been submitted to the jury. Defendant seeks to distinguish that case from this on the ground that the indictment in that case expressly charged an assault. While the present indictment does not use the term assault, it charges the beating and choking of the female as the overt acts by which the defendant attempted to overcome her resistance and accomplish the crime. These acts constituted an assault, and charging that defendant committed them charged him with committing an assault as effectively as if that term had been used.

The form of the indictment is criticised. Perhaps it might be improved, but we think it is sufficient to charge an attempt to commit the

crime of rape as defined in subdivision 2 of section 8655 of the general statutes.

The judgment is affirmed.