## STATE v. MIKE McLEAVEY.[1]

December 21, 1923.

No. 23,674.

**Indictment necessarily includes specified lesser offenses.**

1. Indictment charging carnal knowledge necessarily includes as lesser offenses: (1) Attempt to carnally know; (2) indecent assault or indecent liberties; and (3) simple assault.

**Lesser offenses should have been submitted to jury.**

2. Evidence examined and *held* that the court should have submitted to the jury the opportunity of finding the accused guilty of these lesser offenses.

**In absence of request, error cannot be based on failure to charge.**

3. Accused cannot predicate error on failure to charge as to a lesser offense when he has not requested such charge.

**Assault a necessary element of offense.**

4. An assault, whether it be indecent or simple, is an essential and necessary element of the offense of attempting to commit the crime of carnal knowledge.

[1]Reported in 196 N. W. 645.

Defendant was indicted by the grand jury of Goodhue county for the crime of carnally knowing and abusing a female child under the age of 14 years, tried in the district court for that county before Johnson, J., and a jury and found not guilty of the crime charged in the indictment but of an attempt to commit that crime. From an order denying his motion for a new trial, defendant appealed. Reversed and new trial granted.

*Frank M. Wilson* and *Albert Schaller*, for appellant.

*Clifford L. Hilton*, Attorney General, *Theodore N. Ofstedahl*, County Attorney, and *Arthur E. Arntson*, for respondent.

WILSON, C. J.

Appellant was indicted on a charge of carnally knowing and abusing a female child under the age of 14. On the trial the county attorney announced that the state would endeavor to prove only an attempt to commit the offense alleged in the indictment.

The case was tried upon that theory, and, under the instructions of the court, the jury was required to convict the appellant of such attempt or to acquit him.

Appellant was convicted, and, from an order denying a motion for a new trial, he has appealed to this court.

The principal questions which appellant brings to this court are: (1) Should the court have permitted the jury to consider assault in the third degree? and (2) Does the evidence show, beyond a reasonable doubt, that the accused was guilty of the crime of which he was convicted?

1. Should the trial court have submitted to the jury, as within their province, the question as to whether the accused might have been found guilty of simple assault?

The accused was indicted under section 8656, G. S. 1913. He was tried for the crime of attempting to commit the offense charged. Section 8476, G. S. 1913.

The defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. Section 9213, G. S. 1913.

We hold that, under this statute, the offense set forth in this indictment "necessarily included" not only assault in the third degree, but also the more serious crime of indecent assault or indecent liberties as defined by section 8663, G. S. 1913. The evidence in this case called for an instruction to the effect that the jury might have found the accused guilty of either of these two lesser offenses, as they might determine from the evidence. State v. Glaum, 153 Minn. 219, 190 N. W. 71.

This court has held that an accused cannot predicate error upon the failure to charge as to a lesser offense when he has not requested such charge. State v. Gaularpp, 144 Minn. 86, 174 N. W. 445. In the instant case, no formal request was made for a charge covering indecent assault, or simple assault, but, when the state rested, counsel for the accused brought up this question and called the attention of the court to an instruction in reference to indecent assault and also to an instruction in reference to simple assault. This came up in connection with a motion to take from the jury the consideration of the attempt to commit the crime charged. Apparently this was before the court, though not in good form, and the motion was denied, to which an exception was taken. This seems sufficient to require this court to give consideration to the assignment of error now made which relates only to the charge as to simple assault but, in view of the necessity of another trial, we will discuss both lesser offenses.

Whether or not it may be possible to commit the crime of an attempt to carnally know and abuse a female child, without committing assault, has heretofore been referred to by this court, but not decided. State v. Christofferson, 149 Minn. 134, 182 N. W. 961. We think that an assault, whether it be indecent or simple, is an essential and necessary element of the offense of attempting to commit such a crime. An act done with intent to commit a crime, and tending, but failing, to accomplish it, is an attempt to commit that crime. Section 8490, G. S. 1913. It seems apparent that any act having such tendency must necessarily embrace the element of assault. The evidence in this case was such that the jury should have been permitted to consider these lesser offenses.

2. In reference to the question as to the sufficiency of the evidence to prove, beyond a reasonable doubt, that the defendant is guilty of the crime for which he stands convicted, this court is divided. Possibly another trial will not result in indentically the same record and hence no useful purpose is served by a discussion of this evidence.

Appellant is granted a new trial.