ALEX G. McKNIGHT v. CITY OF DULUTH.[1]

November 7, 1930.

No. 28,131.

[1] Reported in 232 N. W. 795.

Bert W. Forbes, Harry E. Weinberg, and John F. Ball, for appellant.

Lewis, Hunt & Palmer and John Swinland, for respondent.

OLSEN, C.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

The action is one to recover damages for personal injury and destruction of property claimed to have been caused by negligence on the part of the defendant in failing to maintain and keep one of its streets in a reasonably safe condition for travel. Plaintiff recovered a verdict. The motion for judgment in defendant's favor or, if that be denied, then for a new trial, was in all things denied, and this appeal followed.

It is urged that the verdict is not sustained by the evidence and is contrary to law on two grounds: (1) That the evidence is

insufficient to sustain the finding that the defendant was guilty of negligence; (2) that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff suffered injury to his person and damages to his automobile by coming into an unguarded gutter or ditch alongside the pavement in the street and running against a raised iron cover of a catch basin outlet in the gutter, whereby his automobile swerved from the street and was precipitated into a ravine. We shall not go into a detailed recital of the evidence. It is sufficient to say that upon the evidence presented the defendant's negligence and plaintiff's contributory negligence were questions of fact for determination by the jury, and the evidence sustains the jury's findings thereon.

The point is made that it is not charged that the street improvement as originally made was defective in plan or construction so as to base any negligence on that ground. But negligence in maintaining the street in a defective and dangerous condition is clearly charged and is sufficient.

■ This leaves for consideration the errors claimed to have occurred at the trial. It is assigned that the court erred in receiving in evidence the photographs, exhibits B, C, D, E, F, G, I, J and K. These photographs were taken a considerable time after the accident, and some of them incidentally showed that after the accident the city had erected a barrier between the pavement and the gutter or ditch to protect travel from coming into the gutter. It is the general rule that evidence of repairs made or precautions taken subsequent to an injury should not be admitted to prove a negligent condition at the time of the injury. 4 Dunnell, Minn. Dig. (2 ed.) § 7055, and note 9. The exhibits were not offered however for the purpose of showing a negligent condition at the time of the injury, but for the limited purpose of showing the width of the street and general location of the place of the accident, the relative location and position of two catch basins, and the iron plate over the one catch basin. The evidence was such that the jury must have understood that the erection of the barrier was not claimed to be evi-

dence of negligence at the time of the injury. The court clearly charged the jury that it had come out in the evidence, and possibly could not have been helped, that after the injury the city had installed some kind of a guard. The court then said:

"I want to caution you to entirely disregard that fact. The law is that subsequent acts of one charged with negligence are wholly immaterial and cannot be shown in evidence. * * * You will not draw any inference whatever from the fact that the guard was placed there after the accident."

The court went on to speak of the photographs and to say that they were to be considered only as showing those things which could not be and had not been changed since the accident. The trial court has some discretion as to the foundation laid for the introduction of photographs. State v. Hines, 148 Minn. 393, 182 N. W. 450. We have adopted the liberal rule as to the admission of evidence, and where the evidence is admissible for one purpose it is not to be excluded because inadmissible for another purpose or upon another issue. State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006; Trainor v. Buchanan Coal Co. 154 Minn. 204, 191 N. W. 431. Instructions of the court properly limiting the consideration of such evidence are a sufficient safeguard. It fairly appears that no prejudice resulted.

█ One of the charges of negligence in the complaint was that the place of the accident was insufficiently lighted. Evidence was taken on that issue. On cross-examination of one of defendant's witnesses, plaintiff, over objections by defendant, brought out the fact that shortly after the accident a stronger light was installed near the place of the accident. It was error to admit such evidence. But the court by its charge withdrew the question of insufficient lighting from consideration by the jury and charged the jury that it was conceded at the close of the evidence that the lighting was sufficient and that this claim of negligence was withdrawn. The court then charged that the jury was to treat it as established that the street was properly lighted. The lighting question was thus disposed of by the court most favorably for the defendant, and no prejudice resulted.

■ Errors are assigned upon the giving of certain requests to charge presented by plaintiff and the refusal to give certain requests to charge presented by defendant. These errors are not argued in the briefs. We find nothing in these assignments calling for extended discussion or presenting any reversible error.

Order affirmed.