# STATE v. GLEN JOHNSON OR GLEN MARLIN JOHNSON.[1]

December 10, 1954.

No. 36,399.

[1]Reported in 67 N. W. (2d) 639.

*I. J. Wiltrout, P. M. Meehl,* and *Z. L. Begin,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Durward L. Pederson,* County Attorney, for respondent.

DELL, CHIEF JUSTICE.

Defendant was convicted of the crime of assault with intent to commit rape.[2] This is an appeal from an order denying his alternative motion to set aside the verdict and to dismiss the action or grant a new trial and from the judgment of conviction.

The prosecutrix, a 44-year-old divorcee, operated a beauty shop in the front part of her home in the village of Hendricks, Minnesota. Living with her were her two children, a daughter 14 years of age and a son 12 years old. Prosecutrix retired sometime after midnight on August 9, 1954, after locking all the doors to her home except the beauty-shop door located at the front of the building. She slept downstairs and the children upstairs. At approximately 4:30 in the morning she awoke and saw a man, later identified as the defendant, standing by the side of her bed. She asked him who he was and what he wanted. He did not reply but jumped on her, grabbed her by the shoulders, put his arm across her throat, and held her tight. She struggled for a few minutes and finally was able to bite him on the shoulder. The struggle continued and the prosecutrix then screamed. A few minutes after she screamed, defendant jumped off the bed and ran from the bedroom. Defendant had removed his trousers and was naked except for his shirt. At no time did he speak to her, fondle her, or remove the bed covers. Prosecutrix's daughter heard her scream, awakened her brother, and together they went downstairs. After he left the home, defendant awakened Clifford Christopherson, a companion of his who had been sleeping in the car while defendant was in the house. In his hurry to leave defendant forgot his trousers and left them in the bedroom with his car keys and billfold in the pockets. He was, therefore, unable to start his car and the two men pushed it around the corner and then ran down an alley. Shortly

---

[2]Under M. S. A. 619.38(5), assault with intent to commit a felony is assault in the second degree.

298·

thereafter the village policeman arrived in response to prosecutrix's telephone call. She gave the officer the trousers and billfold.

Defendant, in the meantime, obtained his truck and drove to Toronto, South Dakota, where his brother lived. He later returned to Hendricks, procured his car, and drove to several places in Iowa and South Dakota. He was arrested in Sioux City on August 16, 1954. Christopherson, who had accompanied defendant on the night in question, testified that about a month earlier defendant had told him that he would like to have intercourse with the prosecutrix. There was testimony by Christopherson and others to the effect that during the evening defendant had consumed various alcoholic beverages. Defendant claims that he entered the home of the prosecutrix by mistake, that he mistook her home for his father's house where he lives, and that he remembers a woman screaming and his leaving the house. He denies any recollection of his assault upon the prosecutrix and claims that he left Hendricks because he was ashamed of having entered prosecutrix's home while intoxicated and leaving without his trousers. Defendant denies that he fled because of the commission of a crime. He had previously been convicted of the crime of assault with intent to commit rape.

■ With minor variances in terminology, the elements of the offense of assault with intent to commit rape are uniformly said to be an assault, an intent to have carnal knowledge of the female, and a purpose to carry into effect this intent with force and against the consent of the female.[3] It is not disputed that defendant assaulted the prosecutrix. His argument is primarily concerned with the question of whether the evidence is sufficient to sustain the finding that he intended to have intercourse with her by force and against her consent. In support of his contention defendant relies in the main on testimony elicited from the prosecutrix to the effect that he made no attempt to have intercourse with her. It is contended that without an attempt to have intercourse there can be no

---

[3]State v. Krantz, 138 Minn. 114, 164 N. W. 579; Hammond v. United States, 75 App. D. C. 397, 127 F. (2d) 752; 5 Dunnell, Dig. § 8235; 1 Wharton, Criminal Law (12 ed.) § 748.

assault with intent to commit rape and that consequently the evidence, as a matter of law, does not sustain the verdict.

The distinction or lack thereof between attempt and assault with intent to commit rape has been the subject of some confusion, and it is difficult to reconcile the many cases treating the question.[4] While most courts hold that there can be an attempt to commit rape without an assault with intent to commit rape,[5] others have concluded that the two offenses are the same.[6] We need not here become involved in the niceties of the distinction since under either view an attempt to have carnal knowledge is an essential element of assault with intent to commit rape.

The fallacy of defendant's conclusion lies in his premise that there was no attempt by the defendant to have sexual intercourse. A typical example of prosecutrix's testimony on this point, as elicited on cross-examination, is as follows:

"Q. * * * Now, Glen Johnson didn't try to kiss you?

"A. No.

"Q. Glen Johnson didn't try—he didn't touch your breasts?

"A. No.

---

[4]See 21 Minn. L. Rev. 213, dealing generally with the distinction between attempts and assault with specific intent.

[5]People v. Welsh, 7 Cal. (2d) 209, 60 P. (2d) 124; State v. Hetzel, 159 Ohio St. 350, 112 N. E. (2d) 369; Taff v. State, 69 Tex. Cr. 528, 155 S. W. 214; State v. Smith, 90 Utah 482, 62 P. (2d) 1110. The theory behind the distinction is that the act constituting an attempt may be too remote to constitute an assault. Consequently, the converse is not true, every assault with intent to commit rape being an attempt. Ramirez v. State, 55 Ariz. 441, 103 P. (2d) 459; see, Fox v. State, 34 Ohio St. 377, 379. But see, State v. Jenkins, 171 Minn. 173, 174, 213 N. W. 923, 924, indicating that assault with intent to commit rape is a lesser included offense of attempt to commit rape for the purpose of required instructions.

[6]Commonwealth v. Friday, 171 Pa. Super. 397, 90 A. (2d) 856. While earlier Minnesota cases left open the question of a possibility of distinguishing the two crimes in unusual situations, State v. Macbeth, 133 Minn. 425, 158 N. W. 793, and State v. Christofferson, 149 Minn. 134, 182 N. W. 961, this court in State v. McLeavey, 157 Minn. 408, 196 N. W. 645, announced that an attempt must necessarily embrace the element of assault.

"Q. And Glen Johnson didn't put his hands under the bed clothing to feel your legs?

"A. No.

"Q. And he made no attempt whatever to have sexual intercourse with you?

"A. No."

This excerpt from the record clearly demonstrates that prosecutrix was not using the word "attempt" in its technical legal sense[7] but rather to indicate that defendant did not engage in the last proximate acts prior to the consummation of sexual intercourse. When used in conjunction with the crime of rape, an attempt begins with the initial attack on the female, which need not necessarily involve a battery,[8] and not with the act of penetration. All that is required in this regard is some overt act in furtherance of the intent beyond mere preparation.[9] Clearly the assault and battery committed by defendant in this case constituted the required overt act for an attempt, notwithstanding the absence of the amorous manipulations suggested by counsel's questions.

Defendant cites numerous decisions from both this state and foreign jurisdictions to support his contention that the conviction must be reversed because the evidence is insufficient to sustain the verdict. In several of the decisions, the defendant voluntarily relented and fled upon the first offer of resistance by the prosecutrix.[10] Here

---

[7]M. S. A. 610.27 provides in part: "An act done with intent to commit a crime and tending, but failing, to accomplish it, is an attempt to commit that crime; * * *."

[8]Bowmer v. State, 157 Tenn. 124, 6 S. W. (2d) 326.

[9]Muncie v. Commonwealth, 308 Ky. 155, 213 S. W. (2d) 1019; State v. Knight, 96 N. J. L. 461, 115 A. 569, 19 A. L. R. 733; State v. Hetzel, 159 Ohio St. 350, 112 N. E. (2d) 369. See State v. Smith, 80 Mo. 516, 518, where the court said, "An assault with intent, may exist without the actual attempt [at penetration]."

[10]*E.g.*, Hammond v. United States, 75 App. D. C. 397, 127 F. (2d) 752 (in addition defendant was fully dressed and room was occupied by others); McCollum v. State, 34 Ala. App. 207, 38 So. (2d) 291; Adams v. State, 122 Tex. Cr. 181, 54 S. W. (2d) 123; Gillispie v. Commonwealth, 180 Va. 300, 23 S. E. (2d) 146.

defendant struggled even after prosecutrix bit him severely and screamed. In all the cases cited there are distinguishing features, and it would serve no useful purpose to engage in an analysis of them. The determination of whether an accused intended to commit rape must, of necessity, rest upon the particular facts and circumstances of each case. Here defendant, partially undressed, was in prosecutrix's room at 4:30 in the morning. Without answering her inquiry as to who he was and what he wanted, defendant jumped on her, holding her throat so tightly she couldn't cry for help. After she bit him and he released his hold so she was able to scream, he persisted in struggling with her for a few minutes. It is not conceivable that these are the acts of a man who, as defendant argues, is merely surprised at having found someone in what he thought was his bed. Nor can it be said that these acts evidence an intent to gain consent rather than to rape. That defendant fled without accomplishing his purpose either because the prosecutrix's scream frightened him or because he heard the children coming downstairs, does not negate the fact that at one time he did entertain the requisite intent.[11] Whether defendant was so intoxicated as to render him incapable of entertaining a specific intent was a question of fact for the jury.[12] Under the evidence it would be difficult for the jury to find other than that defendant intended to have sexual intercourse with prosecutrix against her consent and was prepared to effectuate this intent with such force and violence as was necessary to overcome her utmost resistance.

■ Defendant contends that the court erred in admitting, over objection, a photograph of a nude woman taken from defendant's billfold which was left at the scene of the alleged crime. While real evidence connected with a crime may be liberally admitted in evidence,[13] the physical objects, like all other evidence, must have some relevancy and materiality to the crime charged.[14] The rule cited by

[11]State v. Roby, 194 Iowa 1032, 188 N. W. 709; Taylor v. State, 180 Wis. 577, 193 N. W. 353.

[12]See, State v. Norton, 194 Minn. 410, 260 N. W. 502.

[13]7 Dunnell, Dig. (3 ed.) § 3258.

[14]See, State v. Stockton, 181 Minn. 566, 233 N. W. 307.

plaintiff that any article belonging to defendant that is found at the scene of the crime is admissible obviously has no application where the identification of the defendant is not in issue as in this case. The only apparent basis for admission of the photograph was to show the intent of the accused. While the relevancy and materiality of evidence rests largely with the trial court,[15] we fail to see how possession of a photo of a nude woman has any probative value to show intent under the circumstances of this case. Although the relevancy of this evidence is doubtful, it sufficiently appears from the record that the defendant could not have been prejudiced by its admission. Harmless error in the admission of evidence will not be made the basis of a new trial where there is other competent evidence which amply sustains the conviction.[16] Moreover, a similar photograph obtained from defendant's wallet was subsequently admitted into evidence not only without objection but at the suggestion of defendant. Clearly this cured any error that the court might have committed in receiving the first photograph.[17]

■ Defendant further contends that there was error in admitting two photographs, one of the prosecutrix's house and the other of the defendant's home. Defendant argues that the conditions under which they were taken were dissimilar to those existing at the time of the alleged crime and that they were misleading under the evidence. Testimony was received as to the authenticity of these photographs, and there is no indication that a reasonably intelligent jury could be misled by their use. The admission of this evidence rested in the discretion of the trial court,[18] and we find no abuse of that discretion.

Affirmed.

[15] Meemken v. O'Hara, 243 Minn. 138, 66 N. W. (2d) 601.

[16] State v. Townley, 149 Minn. 5, 182 N. W. 773, 17 A. L. R. 253, certiorari denied, 257 U. S. 643, 42 S. Ct. 54, 66 L. ed. 413; 5 Dunnell, Dig. (3 ed.) § 2490.

[17] See, 14 Dunnell, Dig. (3 ed.) § 7195.

[18] McKnight v. City of Duluth, 181 Minn. 450, 232 N. W. 795; State v. Hines, 148 Minn. 393, 182 N. W. 450.