**STATE of Minnesota, Respondent,**

v.

**Willis H. PETERSON, Appellant.**

**No. 47322.**

Supreme Court of Minnesota.

Jan. 13, 1978.

Rehearing Denied March 7, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of simple assault, Minn.St. 609.-22, and attempted criminal sexual conduct in the third degree, §§ 609.344 and 609.17,

and is now serving a 10-year term at the State Prison. Specifically, the trial court sentenced defendant to 5 years for the attempt and 5 years pursuant to the provisions of the dangerous offenders act, § 609.-155. This appeal is from judgment of conviction and from the order of the court denying defendant's post-trial motion for judgment of acquittal or a new trial. Issues raised by defendant relate to the sufficiency of the evidence, suggestiveness of the photographic identification procedures used by the police, the court's refusal to instruct on the defense of voluntary intoxication, and alleged misconduct by the bailiff and the jurors. We affirm.

■ Defendant's basic argument relating to the sufficiency of the evidence is that the conduct attributed to him fell far short of being a substantial step toward commission of attempted criminal sexual conduct in the third degree. We conclude otherwise. The state's evidence showed that at 1:30 a. m. defendant chased two teenage girls down a road in New Brighton, grabbed them, and verbally threatened them if they did not agree to have sexual intercourse with him, and that when the girls broke away from him, he chased one of them and was about to grab her when a police car appeared, causing him to run away. As we stated in *State v. Johnson,* 243 Minn. 296, 67 N.W.2d 639 (1954), an attempt to rape a woman begins with the initial attack on her and that need not involve a battery or an act of penetration. In the instant case the evidence was more than sufficient to justify the attempt verdict.

■ We agree with defendant that the photographic identification procedures used by the police were less than ideal. The two girls viewed the photographs together and defendant's photograph was arguably suggestive since the booking date on the photograph showed defendant had been arrested the same day as the crime and the viewing, whereas the other photographs revealed earlier booking dates. However, the girls testified that they identified the picture of defendant because he looked exactly like their assailant. Further, other factors re-

lating to their identification (e. g., the accuracy of their description and the degree of certainty of their identification) are indicative of the reliability of their identification. Weighing all the facts, we conclude that there was no substantial likelihood of irreparable misidentification and that therefore the trial court did not err in admitting the evidence. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ Defendant's claim that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication (see § 609.075) lacks merit because defendant did not offer drinking as an explanation for his actions and the other evidence was not such as to mandate the submission of the defense. *State v. Hill,* Minn., 256 N.W.2d 279 (1977).

■ The final issue is whether the trial court erred in denying defendant's motion for a new trial on the basis of alleged misconduct by the bailiff and the jury. Defendant bore the burden of demonstrating actual misconduct and prejudice. *State v. Kyles,* Minn., 257 N.W.2d 378 (1977). In view of the fact that the allegations of misconduct were based entirely on defendant's uncorroborated and controverted testimony, we hold that the trial court did not abuse its discretion in holding that defendant did not meet his burden.

Affirmed.