**STATE of Minnesota, Respondent,**

v.

**Mark MIMBACH, Appellant.**

No. C6–87–799.

Court of Appeals of Minnesota.

March 8, 1988.

Review Denied March 30, 1988.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, Richard Jessen, Benton Co. Atty., Foley, for respondent.

Michael M. Murphy, Jr., St. Cloud, for appellant.

Heard, considered and decided by FOLEY, P.J., and SCHUMACHER and STONE *, JJ.

## OPINION

SCHUMACHER, Judge.

This appeal is from a conviction for forgery, Minn.Stat. § 609.63, subd. 1(5)(1984)(false entry falsifying a business document). Appellant Mark Mimbach was acquitted of attempted theft by false representation, Minn.Stat. § 609.52, subd. 2(3), and the trial court set aside his conviction for attempted theft by swindle, Minn.Stat. § 609.52, subd. 2(4). We reverse the forgery conviction.

## FACTS

Appellant Mark Mimbach's Ace Hardware store was burglarized on April 12, 1984. Sauk Rapids police discovered the rear door of the store was open at 3:00 a.m. Mimbach was called to the scene and asked to make an inventory of the property stolen, primarily guns and ammunition.

The following day, Mimbach instructed an employee, Kevin Schwantz, to inventory the guns and prepare a list of those that had been stolen. Schwantz testified he told Mimbach the resulting list of 33 handguns overstated the number of handguns that could have been taken in the burglary. According to Schwantz' testimony, Mimbach told him, "Go ahead and write them down for insurance purposes." Schwantz then took the list to the investigating officer at the Sauk Rapids police department. Schwantz also testified the store's racks of long guns were full, that he inventoried the long guns but made no list.

Mimbach reported the burglary to his insurer immediately, and the company assigned an adjuster, Steve Hoen, to investigate the claim. Hoen began his investigation after receiving Mimbach's documentation of the losses, a series of "store notes" listing the lost merchandise. One "store note" lists 7 long guns, with a total value of $1,524.90. The state presented federal firearms transaction records showing all 7 listed long guns were sold by Mimbach's store either before or after the burglary.

The trial court admitted into evidence, without defense objection, State's Exhibit 7, which consisted of a sworn statement of proof of loss signed by Mimbach and two supporting "store notes," one detailing the subtotals of the losses claimed, including $1,524.90 for the long guns.

Adjuster Hoen testified Mimbach told him two of the long guns on the list should not be on it. Two of the other long guns had not shown up in the last yearly inventory. Despite this apparent concession, when Hoen received Mimbach's sworn statement of proof of loss approximately one month later, these guns were still included.

Hoen testified he was allowed access in his investigation to the store's business records, but was not allowed to look at the federal firearms records. Mimbach disputed this statement, testifying all records were made available to Hoen. Mimbach's bookkeeper testified she did not tell Hoen he was barred from viewing certain

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

records. Several of Mimbach's employees testified the store's gun inventory records were not in good shape.

Mimbach testified he told Hoen there were discrepancies on the list of long guns, and also told police there were problems with the list. Mimbach claimed a total loss of $12,996.79. His insurer sent him a check for $4,800, which Mimbach did not cash.

The jury found Mimbach not guilty of attempted theft by misrepresentation, but guilty of both forgery and attempted theft by swindle. The trial court, however, set aside the verdict on attempted theft by swindle, finding the state had failed to prove this offense. The trial court denied Mimbach's motion for a new trial, based in part on newly discovered evidence.

## ISSUES

Was appellant's forgery conviction inconsistent with the verdict of not guilty of false representation or supported by insufficient evidence?

## ANALYSIS

Mimbach contends the jury's guilty verdict on the forgery count is inconsistent with its verdict of not guilty of attempted theft by false representation.

A defendant, however, is not entitled to a new trial or dismissal of a guilty verdict because the verdict is logically inconsistent with the same jury's not guilty verdict on another count. *State v. Juelfs,* 270 N.W.2d 873, 873–74 (Minn.1978). The case cited by Mimbach, *State v. Macbeth,* 133 Minn. 425, 158 N.W. 793 (1916), is not in accord with the cases decided in Minnesota, or in most other jurisdictions, since the U.S. Supreme Court's opinion in *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). The Supreme Court in *Dunn* recognized the jury's power of leniency as the primary basis for refusing to overturn a jury's verdict solely on grounds of inconsistency with another verdict. 284 U.S. at 393, 52 S.Ct. at 190.

Mimbach challenges on a number of grounds the sufficiency of the evidence to support the forgery conviction. Although we reject these contentions, we conclude the evidence is insufficient in/ that it does not show Mimbach "falsified" a business document as required by the forgery statute, Minn.Stat. § 609.63, subd. 1(5)(1984). We reach this issue, although not precisely framed by Mimbach, because it is sufficiently presented by his challenges to the sufficiency of the evidence and the inconsistency of the verdicts.

The complaint charged Mimbach with falsifying, by false entry, the proof of loss insurance claim submitted to Travelers Insurance Company. The false entry alleged at trial was the listing of long guns as stolen which were still in inventory or had been sold.

The relevant portions of the forgery statute provide as follows:

> Whoever, with intent to injure or defraud, does any of the following is guilty of forgery * * *:
>
> *   *   *   *   *   *
>
> (5) Destroys, mutilates, or by alteration, *false entry* or omission, *falsifies* any record, account, or other document relating to a private business; * * *.

Minn.Stat. § 609.63, subd. 1 (1984) (emphasis added).

The general rule is that forgery, under the common law, cannot be committed by the genuine making of an instrument, although containing false representations made for the purpose of defrauding. *See* 36 Am.Jur.2d Forgery § 6; Annotation, "Genuine Making of Instrument for Purpose of Defrauding as Constituting Forgery," 41 ALR 229 (recognizing a minority view); LaFave and Scott, *Criminal Law* § 90 (West 1972). The United States Supreme Court has stated:

> Where the 'falsity lies in the representation of facts, not in the genuineness of execution,' it is not forgery.

*Gilbert v. United States,* 370 U.S. 650, 658, 82 S.Ct. 1399, 1404, 8 L.Ed.2d 750 (1962) (quoting *Marteney v. United States,* 216 F.2d 760, 763–64 (10th Cir.1954)).

The proof of loss statement was merely a finalized claim for insurance purposes, a

set of representations by Mimbach of his losses from the burglary. Despite its title, the document possessed no claim to reliability other than the truthfulness of Mimbach's statements. The insurance company employed an adjuster to investigate Mimbach's claims. But, although the proof of loss statement was signed after that investigation, the adjuster did not sign it and the statement did not purport to be that of anyone but Mimbach. The statement included a provision that "[t]he furnishing of this blank or the preparation of proofs by [the insurer] is not a waiver of any of its rights." The proof of loss statements, even with Mimbach's alleged misrepresentations, was exactly what it purported to be.

In *State v. Mark*, 94 Wash.2d 520, 618 P.2d 73, 74 (1980), in which a pharmacist was charged with forgery and grand larceny for submitting false claims for Medicaid reimbursement, the court stated:

> His offense was in representing to the Department the number and kind of prescriptions which he had received. A misrepresentation of fact, so long as it does not purport to be the act of someone other than the maker, does not constitute forgery.

An insurance or reimbursement claim must be distinguished from a record which possesses indicia of reliability because it is kept or compiled for a business purpose. *See* Minn.R.Evid. 803(6).

The state contends a false entry on the proof of loss statement can be forgery because the statement is the insurance company's document. The statement's business purpose, however, is to finalize the *insured's* claim of loss. *See generally Sterling State Bank v. Virginia Surety Co.*, 285 Minn. 348, 354, 173 N.W.2d 342, 346 (1969) (policy requirements of notice and proof of loss allow insurer opportunity to investigate claims). In *State v. Thompson*, 306 N.W.2d 841, 842 (Minn.1981), an officer of an insurance company was convicted of forgery for falsely altering an "experience report" showing the premiums and claims paid for one of its insureds. In this case, the proof of loss statement, al-

though made on a form supplied by the insurance company, was not such a business record.

■ It could be argued the statutory language expands the common law definition of forgery. *See Gilbert v. United States*, 370 U.S. at 658–59, 82 S.Ct. at 1404 (recognizing Congress could broaden the concept of forgery in federal statute). The statute, however, requires not only a "false entry," but also that the entry "falsifies" the document. Minn.Stat. § 609.63, subd. 1(5)(1984). The Minnesota Supreme Court in *State v. Wilson*, 28 Minn. 52, 56, 9 N.W. 28, 30 (1881), moreover, held that the term "falsely" used in the forgery statute of that day implied the paper or writing itself was false, and did not refer to the contents of the writing. We conclude the forgery statute does not extend to a representation made in a document compiled for the sole purpose of making or recording a claim, and for that reason subject to investigation as a matter of course. This construction of the statute serves the general purpose of the prohibition against forgery, which is to

> [safeguard] confidence in the genuineness of documents relied upon in commercial and business activity.

LaFave and Scott, *Criminal Law* at 671.

We need not address the evidentiary and post-trial issues raised by Mimbach.

## DECISION

The evidence did not establish appellant committed forgery by falsifying a business document.

Reversed.