CLEARY, Chief Judge (dissenting)
I respectfully dissent from the majority's decision to affirm appellant's conviction for attempted third-degree criminal sexual conduct under Minn. Stat. § 609.344, subd. 1(b) (2016).
A person attempts to commit a crime when, "with intent to commit a crime, [he] does an act which is a substantial step toward, and more than preparation for, the commission of the crime." Minn. Stat. § 609.17, subd. 1 (2016). In explaining that each case depends upon its own particular facts and inferences, the supreme court has stated
as a general proposition that to constitute an attempt to commit a crime there must be an intent to commit it, followed by an overt act or acts tending, but failing, to accomplish it . The overt acts need not be such that, if not interrupted, they must result in the commission of the crime. They must, however, be something more than mere preparation ....
State v. Dumas , 118 Minn. 77, 136 N.W. 311, 314 (1912) (emphasis added).
The appellant concedes that there is sufficient evidence to prove his intent to commit the offense. The majority concludes that the totality of the appellant's conduct-exchanging messages and explicit photographs via social media, arranging to meet the decoy to engage in a sexual encounter, arriving at the agreed-upon location, and knocking on the front door-constitutes a substantial step toward committing third-degree criminal sexual conduct. I disagree.
The caselaw illustrating "attempt" in sex-related crimes involves physical contact, words delivered in person, or an attack. In State v. Peterson , the supreme court affirmed the defendant's conviction for third-degree criminal sexual conduct where the defendant chased two teenagers, grabbed them, verbally threatened them, and after they broke free, continued to chase one teenager until police arrived. 262 N.W.2d 706, 707 (Minn. 1978). Similarly, in State v. Johnson , the court upheld the defendant's conviction for assault with the intent to commit rape. 243 Minn. 296, 67 N.W.2d 639, 643 (1954). In that case, the defendant entered the victim's home in the early morning hours, jumped on the victim after she woke up, grabbed her by the shoulders, put his arm across her throat, and held her until she bit him and screamed. Id. at 640-41. Finally, in State v. Meemken , this court affirmed the defendant's conviction for attempted second-degree criminal sexual conduct where the defendant touched the underage victim on the upper thigh while he asked if he could touch her, and where he previously stated his intent to commit a sexual act upon her. 597 N.W.2d 582, 586 (Minn. App. 1999), review denied (Minn. Sept. 28, 1999). These cases, as conceded by the majority, include "an overt act or acts tending, but failing" to accomplish the charged crimes. Dumas , 136 N.W. at 314.
In the instant case, the appellant's conduct falls short of this standard, and instead, remains in the realm of "mere preparation." See id. The appellant initially exchanged messages and photographs with the decoy on a social media application. After the communications continued, he arranged to meet the decoy at a certain time and location. He arrived at the agreed-upon location and knocked on the front door. While these actions do constitute illegal solicitation of someone the appellant believed to be a minor, they amount to preparation for, not an attempt *44 to commit, the act of third-degree criminal sexual conduct, a crime that involves "sexual penetration." See Minn. Stat. § 609.344, subd. 1(b). To hold otherwise is to greatly expand the legal definition of "attempt" in the context of felonious sexual assault, an expansion the majority concedes when it suggests the "factual distinctions" found in the relevant caselaw do not "preclude" a different determination here.
While I concede that "the advent of social media has abbreviated or eliminated some of the courtship rituals in our society," such technological changes cannot be allowed to eviscerate constitutional protections in an effort to convict suspected sex offenders without sufficient proof of the elements of the crime charged. In this case, a knock on the front door is insufficient to establish that the appellant took a substantial step toward committing a crime that requires sexual penetration.
In holding that his conduct amounts to a substantial step, the majority conflates the appellant's intent to commit the crime-which he has conceded-with his conduct in arriving at the decoy's house and knocking on the front door. In so doing, the majority expands the caselaw and characterizes historically preparatory conduct as an overt act. And while the appellant's conduct was repugnant and illegal, other charges are available to address his predatory behavior, as evidenced by his solicitation convictions under Minn. Stat. § 609.352, subd. 2a(1), and 2a(3) (2016) which more accurately and more specifically address his criminal conduct. I would affirm those convictions and reverse the appellant's conviction for attempted third-degree criminal sexual conduct.